THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
KAY OKLAHOMA, v. ROBERT DUNLOP, *County Treas-
urer.*

(Filed September 7, 1906.)

1. **COUNTY DEPOSITORIES—Power and Duty of Commissioners.**
Under art. 2, chap. 11, Session Laws 1905, making provision for
depositories for county funds, it is the duty of the board of
county commissioners to designate certain banks within the county
as depositories for money in the hands of the county treasurer,
and to approve their bonds. When that is done, they have per-
formed their full duty under the act, and have no power to speci-
fy what amount of money shall be deposited in any given bank.

2. **SAME—Duty and Power of Treasurer.** Where depositories for
county funds have been designated by the board of county com-
missioners, and the bonds thereof approved, it becomes the duty
of the county treasurer to use these depositories for depositing
the county funds therein. It is, however, within the discretion of
the county treasurer to fix the amount to be placed in any given
bank, subject, however, to the provision that he shall not deposit
an amount greater than the capital stock of such bank, nor great-
er than the bond given as security.

(Syllabus by the Court.)

*Original Action in Mandamus.*

*Virgil H. Brown, County Attorney,* and *W. C. Tetirick,*
for plaintiff.

*Moss & Turner* and *Dale & Bierer,* for defendant.

Opinion of the court by

PANCOAST, J.: This is an original action in this court,
by the board of county commissioners of Kay county against
the county treasurer, Robert Dunlop, asking for a writ of
mandamus to compel him to deposit a certain percentage of

the funds in his hands as county treasurer in certain banks, which had theretofore been designated by the board as county depositories, under the provisions of art. 2, chap. 11, of the Session Laws of 1905.

Sec. 1 of the act provides that in all counties the county treasurer "shall deposit daily all funds and money of whatsoever kind that shall come into his possession by virtue of his office as such county treasurer, in one or more responsible banks located in the county and designated by the board of county commissioners as county depositories;" providing also that there "shall not be deposited of said funds in any one bank at any one time a greater amount than the capital stock of said bank." The act further provides for the giving of bonds by the banks, and the approval thereof, and that the largest sum which may be deposited at any one time in any bank shall not be more than the amount of bond, nor more than the amount of the capital stock.

An alternative writ was issued by Justice Hainer, return duly made thereto, and an agreed statement of facts filed, upon which the cause is submitted. In the agreed statement, it is admitted that the several banks mentioned in the petition were designated by the county commissioners as county depositories, and have given bonds, which were approved; that the defendant has at all times since the depositories were designated, kept on deposit in said depositories all moneys in his hands as county treasurer. Then a list of the banks is given, with the amount of the capital stock of each, and the amount of their respective bonds together with the amount of money now in the several banks belonging to the county, and an estimated amount of the taxes to be received for the ensuing year.

It will be noticed that the contention is not that the county treasurer has failed or refused to deposit the county money in the banks designated, but the board of county commissioners assumed the authority to determine and designate what percentage of the money of the county should be placed in each of the several banks.

The defendant contends that it is not within the power of the county commissioners to dictate what amount of money shall be placed in any one or more of the several different depositories, and it is upon this point that the contention arises.

The statute referred to nowhere provides what amounts shall be deposited in any one or more of the depositories designated. It must, then, be held that when the county commissioners have designated what banks shall constitute the county depositories, and approved their bonds, they have performed their full duty under the act, and have no authority to specify what amount shall be deposited in any one or more given banks. When the depositories are designated, and their bonds approved, it becomes the duty of the county treasurer to use these banks as depositories for the county money in his hands, but it is left to his discretion to fix the amount to be placed in any given bank, subject, however, to the provisions that he shall not deposit an amount greater than the capital stock of such bank, nor greater than the bond given as security.

The peremptory writ is therefore denied, and the costs of this action are taxed against the plaintiff.

All the Justices concurring.