## MAGEE *v.* BRISTER.

[68 South. 77.]

1. OFFICERS. *Constitutionally established office. Power of legislature. Depositories. County depositories. Constitutionality. Statute.*
   While the legislature may within certain limits prescribe the duties pertaining to an office created by the constitutions, it cannot practically abolish the office by preventing its incumbent from discharging those duties which necessarily pertain to it.

2. COUNTY DEPOSITORIES. *Statute. Constitutionality.*
   Chapter 137, Laws 1910, providing for the establishment of county and drainage district depositories, and that county treasurers shall deposit county moneys therewith, is not unconstitutional, as practically abolishing the office of county treasurer, established by Constitution 1890, section 135, or as violating section 267, providing that no person elected or appointed to any office under the laws of the state shall hold such office without devoting his time to the performance of its duties.

3. SAME.
   Nor is such statute invalid as rendering county treasurers absolute insurers of county moneys, when all control over them is vested in the depositories, since the depository law has altered the responsibility of such treasurers, so that they cannot be held as insurers of the safety of the funds.

4. Same.

    Nor is the statute invalid, as subjecting county treasurers to liabilities growing out of the receipt and disbursement of county funds, since the act has largely modified the duties of county treasurers, as prescribed by sections 978 and 983 of the Code 1906, regulating the duties of such officers, leaving such officers as have complied with its provisions under no liabilities growing out of such receipts and disbursements.

Appeal from the chancery court of Lincoln county.

Hon. G. G. Lyell, Chancellor.

Suit by J. M. Magee against C. M. Brister and others. Judgment for defendant, and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jones & Tyler* and *Whitfield & Whitfield*, for appellant.

*A. A. Cohn*, for appellees.

Smith, C. J., delivered the opinion of the court.

The sole question presented to us by this record is the validity, *vel non*, of the county depository law. Chapter 137, Laws of 1910.

Appellant's objections to this statute are:

(1) It practically abolishes the office of county treasurer, which, under sections 135 and 267 of the Constitution, the legislature is without power to do.

(2) It "makes the treasurer an absolute insurer of, and holds him absolutely liable for, the moneys of the county, when all control over same is taken out of his hands and vested in the county depository."

(3) "Section 978 of the Code requires the county treasurer to receive and keep the money of the county, and section 983 of the said Code provides that all moneys belonging to the county must be paid out only by its treasurer on a warrant issued by the clerk of the board of supervisors on the order of said board, or the al-

lowance of a court authorized to allow the same, and
such warrants and allowances are the only legal allow-
ances which said treasurer can get credit on.''

Under the first of these objections, the argument of
appellant is, in effect, that the office of county treasurer
is one of known and settled duties, among which are to
receive and disburse all county moneys, and that it must
be presumed that the framers of the Constitution in-
tended in creating the office to provide for the perform-
ance by the county treasurers, substantially at least, of
those duties which had theretofore pertained to the
office (citing *State* v. *Tonella*, 70 Miss. 701, 14 So. 17, 22
L. R. A. 346), to the performance of which duties they
are required by section 267 of the Constitution to give
their personal attention, and that by this statute the
county treasurers are not only relieved from giving their
personal attention to the discharge of these duties, but
are relieved from discharging them at all; they having,
under the statute, practically nothing to do with the re-
ceipt and disbursement of the county funds.

If this were an open question, its solution would not
be without difficulty; for, while the legislature may,
within certain limits, prescribe the duties pertaining to
an office created by the Constitution, it cannot practical-
ly abolish the office by preventing its incumbent from
discharging those duties which necessarily pertain to it.
This objection to the statute has been ruled against ap-
pellant, however, by the case of *State* v. *Edwards*, 93
Miss. 704, 46 So. 964, and *Montgomery* v. *State*, 97 Miss.
292, 52 So. 357; and even should it be conceded that
those cases were wrongly decided, they should not now
be departed from, and thereby, in effect, overruled, for
the reason that they have been acted upon by the state,
counties, and municipalities, as well as by the state,
county, and municipal treasurers, and such rights and
liabilities have been thereby created as cannot now be
disturbed without injustice and hardships resulting

therefrom. That the various treasurers who have complied with the law would thereby be placed in a most awkward situation is clear, and it may be that they would be thereby subjected, not only to civil, but to criminal, liability. Moreover, the right of the state, counties, and municipalities to realize upon the securities, particularly the surety bonds, which have been given by the depositories, would be rendered doubtful.

It is true that in the Edwards Case the court's attention seems to have been mainly addressed to a section of the Constitution not here involved, but in its opinion it expressly stated that "if the act in question is in conflict with the organic law of the state it can only be in conflict with section 137" (a section of the Constitution not here involved), and then proceeded to hold that the act there in question was not in conflict with the section there referred to. If the act here in question violates section 135 of the Constitution, the state depository law also necessarily violates section 134 thereof, and section 267 of the Constitution applies to the state treasurer as well as to a county treasurer.

The Montgomery Case is equally in point, for the reason that section 3375 of the Code occupies the same relative position in that case that section 135 of the Constitution does. here; and the fact that by section 3331 of the Code power is given the mayor and board of aldermen "to prescribe the duties" of all municipal offices is immaterial, for the reason that this section should not be so construed as to authorize the practical abolition of a municipal office.

With reference to the second objection, it will be sufficient to say that the county depository law has materially changed the responsibility of the county treasurers for the safe-keeping of the county funds, and they cannot now be held as insurers of the safety of the funds deposited by them under the provisions of this law.

With reference to the third of these objections, it will be sufficient to say that this law has also materially modified the duties of county treasurers prescribed by section 978 and 983 of the Code, and no liability growing out of the receipt and disbursement of county funds can attach to a county treasurer who has complied with the provisions of the depository law.

*Affirmed.*