HINTON *et al.* v. STATE *ex rel.* NEAL, *County Attorney.*

No. 6125.   Opinion Filed February 29, 1916.   On Rehearing March 21, 1916.

Second Petition for Rehearing Denied May 23, 1916.

(156 Pac. 161.)

**COUNTIES—Depositaries—County Funds—Amount of Deposit—Bonds —Liability for Lost Funds.**  That part of section 1540, Rev. Laws Okla. 1910 Ann., in reference to county depositories, applicable here, provides that: "There shall not be deposited of such funds in any bank at any one time, a greater amount than the capital stock of said bank. * * * Before directing or authorizing the deposit of any such funds aforesaid, the board of county commissioners shall take from each such bank, a bond in a sum equal to the largest approximate amount that may be deposited in each respectively, at any one time. * * * The condition of said bond shall be, that such deposit shall be promptly paid on the check or draft of the treasurer of such county, and the bondsmen of said treasurer shall not be liable for such deposit." **Held,** that the sentence, "the county commissioners shall take from each such bank (depository) a bond in a sum equal to the largest approximate amount that may be deposited in each respectively, at any one time," was intended to, and does by implication, limit the amount that may be legally deposited in each bank, respectively, to the amount of the depository bond; and **held,** further, that if the county treasurer deposits the funds of the county in such depository in an amount in excess of such bond

and the same is lost by the failure of the bank, the treasurer and his surety are liable for the amount so lost in excess of the depository bond.

(Syllabus by Robberts, C.)

*Error from District Court, Le Flore County;
W. H. Brown, Judge.*

Action by the State, on the relation of the County Attorney of Le Flore County, against John H. Hinton and others. Judgment for relator, and defendants bring error. Reversed and remanded, with directions.

*T. T. Varner* and *William T. Hutchings,* for plaintiffs in error.

*R. P. White,* for defendant in error.

Opinion by ROBBERTS, C. The plaintiff in error J. H. Hinton was the county treasurer of Le Flore county, his term of office expiring on the 7th day of July, 1913. At the time he retired from office, there was a deficit in his accounts to the amount of $15,000. No charge of embezzlement or other acts of dishonesty is made against him, but his shortage is agreed by all parties to have been occasioned by the failure of the Choctaw Commercial Bank of Spiro, in which he, as county treasurer, had on deposit that amount of the funds of the county. This action is prosecuted by the state, on the relation of the county attorney, against Hinton and the Southern Surety Company, his surety, to recover the full amount of shortage, with interest at 6 per cent. from the date of his retirement.

The defendant Hinton filed his separate answer: (1) A general denial; (2) admitting his official capacity and the execution of the bond sued on; (3) alleging: That under and by virtue of the laws in force in the State of

Oklahoma it became and was the duty of the county commissioners of Le Flore county, Okla., to designate one or more banks in said county as county depositories, and to take from such bank or banks so designated a bond in a sum equal to the largest approximate amount that might be deposited at any one time in said bank or banks; and that under and by virtue of said laws it was the duty of the county treasurer to deposit daily all the funds and moneys of whatsoever kind that came into his hands by virtue of his office as county treasurer in one or more responsible banks in the county and designated by the board of county commissioners as county depositories, said laws providing that there shall not be deposited, of said funds, in any one bank at any one time, a greater amount than the capital stock of said bank; that said board of county commissioners on the 21st day of February, A. D. 1911, designated the Choctaw Commercial Bank of Spiro, Okla., as one of the county depositories of the county and authorized deposits to be made therein by the defendant as county treasurer when said bank filed a bond and the same was duly approved; that thereafter, on May 26, 1911, the said bank, acting under and by virtue of said order as aforesaid, and for the purpose of being qualified to act as a county depository under said order and under the provisions of an act of the Legislature of the Territory of Oklahoma passed and approved on the 9th day of March, A. D. 1905, entitled "an act in relation to county depositories and the regulation thereof," and then in force, filed its bond with the county clerk of Le Flore county, which bond was by said clerk received and presented to a commission composed of the county clerk, county attorney, and county judge of Le Flore county, which approved and accepted said bond and delivered the same to the

county clerk, who filed the same with the county treasurer, for the purpose of complying with sections 1817 and 1818, Comp. Laws 1909 (sections 1540 and 1541, Rev. Laws 1910), and for the purpose of enabling the said bank to receive deposits under and by virtue thereof; that he, as such county treasurer, received the said bond and was advised by the county attorney that the same was executed and approved in accordance with said section 1817, and that he accepted and received the same believing it to have been executed, filed, and approved in compliance with the law in such cases made and provided and that he was then and there authorized, under said order aforesaid, to make deposits in said bank as such county depository; that thereafter defendant deposited in said bank, of the funds in his hands as county treasurer, amounts aggregating a total of $15,000, which said sum was not greater than the capital stock of the said bank; that all of the bonds of the banks in Le Flore county that had been designated as county depositories prior to and at the time the said Choctaw Commercial Bank was designated were accepted, approved, and delivered by the clerk and commission, which said acts were fully known and consented to by said board of county commissioners as being in compliance with the said section and act aforesaid; that thereafter said bank was by said county commissioners and by said county treasurer recognized as a regularly designated and qualified county depository of said county, and the funds of Le Flore county were deposited therein as such, and to the knowledge of said board of county commissioners.

Defendant further states: That on the ———— day of ————, A. D. 1913, and while the said sum of $15,000 remained to his credit as county treasurer on deposit in

said bank, said bank was alleged to be in an insolvent condition by the State Bank Commissioner, and was on said last-mentioned date by him ordered closed, and all of the moneys, properties, and assets of every kind and character belonging to and owned by the said bank were placed in the hands of the said Bank Commissioner, and were, as your defendant is informed, disposed of by the State Bank Commissioner; that on the date last mentioned, and at the time when the said bank was closed by order of the State Bank Commissioner, the said order of the county commissioners designating said bank as a county depository was, and had at all times since the making thereof been, in full force and effect; and that defendant was not aware at any time that the bank was in an insolvent condition; and that after the taking over of its said moneys, property, and assets by the State Bank Commissioner, defendant made due demand and proof to the said Bank Commissioner for the payment of the amount of said deposit; that payment thereof was at all times refused. Defendant states that by reason of the failure of the said bank, and of the failure of the State Bank Commissioner to pay the amount of said deposit, he was unable to pay the same to his successor in office; but that he is without fault in the premises and has committed no breach of the conditions of his said bond for which he is legally responsible. To which answer was attached the minutes showing the action of the board of county commissioners of Le Flore county designating said bank, among others, as the legal depository of the county treasurer of said county.

The defendant Southern Surety Company filed separate answer: (1) A general denial; (2) admitting due incorporation of defendant surety company; (3) admitting

782      SUPREME COURT OF OKLAHOMA.

Hinton et al. v. State ex rel. Neal, County Attorney.

that defendant Hinton was county treasurer and the proper execution of the bond; and (4) alleging: That prior to the execution of the depository bond mentioned and attached to answer, the county attorney of Le Flore county had instructed the county clerk of such county that all such depository bonds, when delivered to him, should be taken to a commission composed of himself, the county attorney, and the county judge, and should be approved to the satisfaction of a majority of said commission so composed; that, acting upon the advice, all the depository bonds given by banks designated as depositories by the county commissioners were so accepted and approved; that the said $8,000 bond was delivered, at the time of its execution, by the Choctaw Commercial Bank of Spiro, to the county clerk of Le Flore county, who called in the county judge and the county attorney, who composed the commission, as required by section 1816, Comp. Laws 1909, and that said bond was duly approved by said commission, and was, by the said county clerk, immediately delivered to the county treasurer of Le Flore county, and was accepted by said county treasurer; that the county clerk informed the county commissioners, as required, as to the execution of the bonds by the various banks designated as depositories, that said bonds, and among them the bond set forth and attached to defendant's answer, had all, by direction of the county attorney, been approved by the commission composed of himself, the county judge, and the county clerk of Le Flore county, and had been by him delivered to the county treasurer in behalf of the county commissioners, and that such action was, as he had been advised by the county attorney, as the law directed. Defendant further alleges that the county commissioners knew that said bond had been executed and approved, as

aforesaid, and that it had been delivered to the county treasurer of Le Flore county, and that the county treasurer had, acting upon said bond, deposited the funds of Le Flore county in said bank, and that said funds deposited in said bank at the time of its failure had been deposited in reliance upon said bond, and that said county commissioners knew the method of the receipt and acceptance and approval of said bond, and believed that the same was in compliance with the law, and that their act was as the law directed them to act. Attached thereto is the order of the. board of county commissioners above mentioned, and also a copy of the bank's depository bond.

The plaintiff met these answers by filing special demurrers to the third paragraph of defendant Hinton's answer and also to the fourth paragraph of the answer of defendant Southern Surety Company. Both of said demurrers were sustained by the court, and, after saving exceptions, both defendants declined to plead further and elected to stand on their respective separate answers. On motion of plaintiff, judgment was rendered against both of said defendants for the full deficiency, which, with interest, amounted to the sum of $15,375, to which exceptions were saved, and defendants bring error. The demurrer admits the truth of the allegations of the particular paragraph attacked.

The rule laid down in *Smith -Wogan Imp. Co. v. Moon Buggy Co.,* 26 Okla. 161, 108 Pac. 1103, is as follows:

"On demurrer to an answer as defective, in that it does not state facts sufficient to constitute a defense, the pleading must be liberally construed, and all its allegations for the purposes of the demurrer taken as true. And such demurrer can be sustained only where the answer presents defects so substantial and fatal as to authorize

the court to say that, taking the facts to be admitted, they constitute no defense to the cause of action stated in the petition."

Thus we have squarely presented the question of the liability of the county treasurer and his surety for loss of county funds, deposited in a duly selected and designated county depository, where such deposit does not exceed the capital stock of the bank, but is in excess of the bond of the depository. In this case the capital stock of the bank was $20,000. The bond of the bank fixed by the board of county commissioners and approved and deposited with the county treasurer was $8,000. The amount deposited in the bank at the time of the failure was $15,000.

The trial court held the treasurer and his surety liable for the full amount, which, with interest at 6 per cent., amounted to $15,375. After providing for the designation of such depositories, the statute specially applicable here is as follows:

"* * * There shall not be deposited of such funds in any bank at any one time, a greater amount than the capital stock of said bank. * * * Before directing or authorizing the deposit of any such funds aforesaid the board of county commissioners shall take from each such bank a bond in a sum equal to the largest approximate amount that may be deposited in each respectively, at any one time. * * * The condition of said bond shall be that such deposit shall be promptly paid on the check or draft of the treasurer of such county, and the bondsmen of said treasurer shall not be liable for such deposit. * * * " (Section 1540, Rev. Laws 1910).

It is well settled by authority and on principle that, when such depositories have been designated according to

law, neither the county treasurer nor his bondsmen are liable for the loss of funds deposited therein, so long as the treasurer keeps within the requirements of the law. In line with that proposition, it is evident that the defendants in this cause would not be liable for the funds deposited up to the amount of the bond, which was $8,000. The question of the liability for the amount in excess of the bond presents a more difficult question. To our mind the statute under consideration is exceedingly ambiguous; in fact, if we were called upon now for the first time to construe the language used therein, we would hesitate to hold the defendants liable for any amount under this bond.

The literal language of the statute seems to limit the amount of deposit only to the amount of the capital stock of the bank, and further provides that "the bondsmen of said treasurer shall not be liable for such deposit." The foregoing statements are plain and unambiguous. The part of the statute which seems to be uncertain is found in the following sentence:

"Before directing or authorizing the deposit of any such funds aforesaid the board of county commissioners shall take from each such bank a bond in the sum equal to the largest approximate amount that may be deposited in each respectively, at any one time."

The deposit had already been limited to the amount of the capital stock. It might be asked if it was not the intention to limit it to the amount of the depository's bond. Why did they mention a bond in a "sum equal to the largest approximate amount that may be deposited in each (depository) respectively, at any one time"?

To the writer hereof it seems very uncertain and entirely doubtful, but we are not left entirely without author-

ity or precedent on the question. The statute under consideration was passed in 1905. In 1906, the Supreme Court of the territory had before it an original proceeding for mandamus, brought by the board of county commissioners of Kay county, against the county treasurer, to compel him to deposit a certain percentage of the funds in his hands as county treasurer in certain banks, which had theretofore been designated by the board as county depositories, under the statute here involved. In disposing of that case (*Board of Co. Com'rs v. Dunlap*, 17 Okla. 53, 87 Pac. 590), the court, speaking through Mr. Justice Pancoast, all the justices concurring, took occasion to say:

"When the depositories are designated, and their bonds approved, it becomes the duty of the county treasurer to use these banks as depositories for the county money in his hands; but it is left to his discretion to fix the amount to be placed in any given bank, subject, however, to the provisions that he shall not deposit an amount greater than the capital stock of such bank, nor greater than the bond given as security."

It is contended that the question under consideration here was not involved in that case. That may be true, but the particular section of the statute was under consideration, and the statute with that construction was put in force in the state by section 2 of the schedule to the Constitution, and, while the construction of statutes brought over is not binding on this court, it is entitled to great weight. So considering the matter now in hand, we are of the opinion that the trial court committed error in sustaining the demurrers, and therefore the case should be reversed and remanded to the district court of Le Flore county, with directions to set aside the judgment, grant

a new trial, and proceed on the theory that on proof of the facts the defendant Hinton and his surety, the Southern Surety Company, are not liable up to the amount of the bank's depository bond, which was $8,000 in this case, but are both liable for the amount of the loss occasioned by the deposits in said bank at the time of the failure, over and above the amount of said depository bond, with interest thereon at 6 per cent. per annum from the 7th day of July, 1913.

ON REHEARING.

Opinion by ROBBERTS, C. It appearing from the pleadings and briefs of the parties herein that all the material facts are admitted and practically agreed upon, and that under the pleadings and admissions there are no further issues of facts to be tried, the original order directing a new trial in this case is withdrawn, and the opinion modified, in this, that the district court of Le Flore county be directed to enter judgment in favor of the plaintiff below against the defendants for the sum of $7,000, with interest at 6 per cent. thereon from the 7th day of July, 1913, making a total of $8,120, with costs.

By the Court: It is so ordered.