**JOINT SCHOOL DIST. NO. 105 et al. v. FIRST NAT. BANK of KINGFISHER et al.**

No. 16948.    Opinion Filed Nov. 30, 1926.

Rehearing Denied June 28, 1927.

**Counties—Banks and Banking—Liability of Depository Bank for Proceeds of Check on Warrant Deposited by County Treasurer.**

Where a county treasurer deposits with a depository bank of his county a check or warrant drawn on another county treasurer for the purpose of transferring to his custody money belonging to a school district in his county, and the depository bank gives him credit for the amount, it is with the implied authority to charge the amount back to his account if the item be not paid; but if paid by the drawee when presented, whether presented by the depository bank or by some other agency selected by it, the depository bank and its surety on the depository bond are liable therefor, for the reason that the county treasurer is without discretion and has no authority to select a collecting agency.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Joint School District No. 105 and the County Treasurer of Kingfisher County against First National Bank of Kingfisher and United States Fidelity Company. Judgment for defendants, and plaintiffs appeal. Reversed.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiffs in error.

Rittenhouse & Rittenhouse and Frank E. Lee, for defendants in error.

Opinion by RAY, C. There is no dispute as to the material facts. February 18, 1922, the county clerk of Canadian county drew his warrant on the county treasurer of Canadian county payable to the order of the county treasurer of Kingfisher county for the sum of $1,809.46, for the purpose of transferring to the county treasurer of Kingfisher county the taxes collected by the county treasurer of Canadian county for and belonging to joint school district No. 105 of Kingfisher and Canadian counties, which district was under the jurisdiction and control of the superintendent of public instruction of Kingfisher county. The county treasurer of Kingfisher county deposited the warrant with the First National Bank of Kingfisher, which was one of the depository banks of Kingfisher county. The bank credited the amount to the county treasurer and forwarded the warrant to the First National Bank of Oklahoma City, its regular correspondent, for collection, which was its regular channel for clearing out of town items. The First National Bank of Oklahoma City sent it to the Commercial Bank of El Reno. The Commercial Bank of El Reno presented the warrant to the county treasurer of Canadian county, who paid the warrant by drawing his check on another El Reno bank. The county treasurer's check was paid to the Commercial Bank of El Reno, and it transmitted its check on an outside bank to the First National Bank of Oklahoma City. Before that check was paid the Commercial Bank of El Reno failed. The First National Bank of Kingfisher, on notice that the El Reno Bank had closed, charged the amount of the warrant back to the county treasurer of Kingfisher county. On refusal of the Kingfisher bank to pay the county treasurer's draft for the amount, this suit was commenced by joint school district No. 105 and the county treasurer of Kingfisher county against the First National Bank of Kingfisher and the United States Fidelity & Guaranty Company, surety on the bank's depository bond, to recover the amount of the warrant and interest. On an instructed verdict the trial court entered judgment in favor of the defendants.

The defendants in their brief, and in oral argument contend that when the warrant was deposited with the bank by the county treasurer, the relationship of principal and agent was established with implied authority to the bank to select the collecting bank as the county treasurer's agent for the collection, and, in the absence of negligence, cannot be held liable. Many decisions of this court and other courts are cited to sustain that view. Plaintiffs contend that when the warrant was deposited with the bank by the county treasurer, the relationship of debtor and creditor was established, and cite many authorities to sustain that view. No case is

cited, however, where a similar state of facts was involved. A decision of this case requires the consideration of the statute law enacted for the safekeeping of public funds.

The county treasurer of each county is the custodian of school district funds of the several districts of his county. Section 10385, C. S. 1921. He is required to keep a correct account of all monies received for the benefit of and belonging to each of the several districts of the county. Section 10391, C. S. 1921. He is authorized and required to disburse the school district funds only upon warrants issued by the school district boa·d, and in paying interest coupons and bonds legally issued by the school district. Section 10393, C. S. 1921.

The board of county commissioners of each county is authorized to select and designate one or more banks located in the county as county depositories. The board of county commissioners are required to take from each bank designated as a depository a surety bond of some surety company authorized to do business in the state in a sum equal to the largest approximate amount that had been deposited with each depository respectively at any one time, the form of the bond to be provided by the Attorney General. Section 5727, C. S. 1921.

The county treasurer is required to deposit daily all the funds and money of whatsoever kind that shall come into his possession by virtue of his office as such county treasurer, in his name as such county treasurer, in one or more banks located in the county and designated by the county commissioners as a depository. The depository bank is required to receive all monies, checks, or drafts, and pay interest on the average daily balances.

A limitation is placed upon the amount the county treasurer may deposit in any one depository, but that question is not involved here. These sections were enacted for the safekeeping of the public funds. The county treasurer, as such, is made the custodian of the school district funds to be disbursed only as required by statute. He is required to deposit the public funds, including the school district funds, in a depository bank in the county designated by the board of county commissioners, except in certain cases of emergency not involved in this case. The county treasurer is required to give an official bond, but where he has in good faith deposited the public funds in the depository bank designated by the board of county commissioners and bonded, as required by law, neither he nor his official bondsman is liable for the loss of funds so deposited occasioned by the failure of the depository bank. State ex rel. v. McCloud, 64 Okla. 126, 166 Pac. 1065.

No contention is made that the warrant was not properly deposited in the depository bank. Assuming, therefore, as contended by defendants, that the relation of principal and agent was established by the deposit of the warrant with the depository bank, it cannot be held that it was within the implied authority of the bank to select a collection agency as the agent of the county treasurer. He was not authorized to deposit the warrant with any collection agency other than the county depository, and to have done so would have rendered his official bondsman liable and subjected him to the liability of fine and removal from office. By the provision of the statute quoted the county treasurer is positively prohibited from making deposits of the public funds of any kind or character with any bank other than a designated depository, and therefore was without power to employ or designate an outside agency for collecting the warrant. It necessarily and logically follows that he cannot do so by implication.

Some argument is made that the depository bank is not made a guarantor of checks deposited by the county treasurer for collection, and that when the collection is not made the item may properly be charged back to his account. We do not question the soundness of that argument, but in the instant case the collection actually was made. The warrant was paid by the county treasurer of Canadian county when presented. The only question involved, as we understand it, is whose agency was it that made the collection? The county treasurer has no discretion to exercise. In depositing the public funds he was limited by law to a county depository. Being prohibited by law from selecting a collection agency other than a county depository, it cannot be held that by making the deposit he thereby authorized the depository bank, by implication, to select another collection agency as his agent. We think when the bank elected to send the item through its regular channel for clearing out of town items, it assumed full responsibility therefor, and is liable for the default of the agency so selected. For the reasons stated we conclude that the Commercial Bank of El Reno, which made the collection and defaulted, was not the agent of the county treasurer of Kingfisher county in making the collection, but was the agent of the depository bank, and for its default the depository bank is bound.

As to the surety, it is argued that the bonds were given, as shown by the bonds themselves, to the board of county comm.ssioners to secure deposits of the county treasurer of Kingfisher county; that the obligation of the surety company was to protect Kingfisher county against any loss and not to protect the various school districts of the county. That contention is negatived by the language of the bonds which reads:

"Whereas, the said First National Bank has been by the said board of county commissioners duly designated as one of the county depositories for all funds and money of whatsoever kind that shall come into the possession of the county treasurer of said Kingfisher county, by virtue of his office as such county treasurer; and whereas, the said designation was made by said board of county commissioners, and accepted by said principal in accordance with the requirements of article 5, Chapter 16, Revised Laws of Oklahoma 1910, as amended by chapter 284, Session Laws 1919, known as the county Depository Act, and this obligation is made and entered into in deference to said act. * * *And if all the deposits, including said interest, received by the said bank, as said county depository, shall be promptly paid on the check or draft of the county treasurer of said Kingfisher county, Okla., then this obligation shall be void, otherwise to remain in full force and effect."

These bonds recite the statutory requirements of depository banks to care for all the funds and money of whatsoever kind that shall come into possession of the county treasurer, by virtue of his office as such county treasurer, and accepted by the depository bank in accordance with the requirements of statute.

The funds of school district No. 105 constituted a part of the funds in the hands of the county treasurer as such, and were properly and lawfully deposited with the depository bank, and constituted a part of the funds for the protection of which the bonds were given, and were protected by the terms of the bonds.

At the close of the evidence each of the parties moved for an instructed verdict. The court denied plaintiffs' motion, and instructed the jury to return a verdict for the defendants. That was error.

The case is reversed, with directions to vacate the judgment and enter judgment in favor of the plaintiffs and against the First National Bank of Kingfisher and United States Fidelity Company, its surety.

By the Court: It is so ordered.

Note.—See 18 C. J. p. 593, §71 (Anno).