**BOARD OF COM'RS OF GRANT COUNTY v. SOUCEK et al.**

No. 17721. Opinion Filed Dec. 6, 1927.

(Syllabus.)

**1. Counties—Depositories—Measure of Care Required of County Treasurer in Protection of County Funds.**

Under section 5727, C. O. S. 1921, directing the board of county commissioners to designate the depository for the deposit of the county's funds coming into the hands of the county treasury and requiring such depository to furnish bond or other security, the position of the county treasurer is similar to that of a bailee for hire, and he is only required to exercise good faith and reasonable skill and diligence in the care and protection of the county's funds intrusted to him.

**2. Same—Exercise of Care by Treasurer as Jury Question—Nonliability of Treasurer for Funds Lost in Failure of Designated Depository.**

Where the board of county commissioners has designated the depositories for the deposit and safekeeping of the county's funds as provided in section 5727, C. O. S. 1921, and such designated depositories include all banks located in the county, all of which have furnished the bond as required by section 5727, and the county treasurer has deposited in each of said depositories an amount equal to the full amount of the bond required of and given by each depository, and the bond of one of the depository banks expires and before a new bond

is given by such depository bank the bank fails, the county treasurer and his bondsmen are not liable for the loss occasioned by such failure provided such county treasurer has exercised good faith and reasonable skill and diligence in the care and protection of the funds intrusted to him as such county treasurer, and in such case, as to whether such county treasurer has exercised good faith and reasonable skill and diligence is a question of fact to be determined by the jury, and on such question of fact the jury's verdict will not be disturbed on appeal where there is any evidence reasonably tending to support it.

**3. Same—Failure of Depository Bank—Liability of Treasurer for Excess Deposited Above Amount of Depository Bond.**

Where a county treasurer deposits in a bank the county's funds in an amount greater than the amount of the bond required by the board of county commissioners, as provided by section 5727, C. O. S. 1921, he does so at his own peril and as to such excess amount he becomes an insurer to the county and will not be relieved from the obligation to answer to the county if such funds are lost by the failure of the bank.

Error from District Court, Grant County; Charles Swindall, Judge.

Action by Board of County Commissioners of Grant County against Charles H. Soucek and Fidelity & Deposit Company of Maryland, a corporation. Judgment for defendants, and plaintiff appeals. Affirmed in part and reversed in part.

John C. Stevenson, Co. Atty., and Breeden & Breeden, for plaintiff in error.

Ross & Thurman, J. B. Drennan, and Sam P. Ridings, for defendants in error.

PHELPS, J. The parties appear here as they appeared in the trial court, and will, therefore, be referred to as plaintiff and defendants.

Defendant Charles H. Soucek was county treasurer of Grant county and defendant Fidelity & Deposit Company was surety on his official bond. All banks in Grant county, numbering 16 were designated by the board of county commissioners of said county as depositories for county funds and all filed their bonds as such depositories as provided by law, the Farmers & Merchants Bank of Nash being one of them and filing its bond in the sum of $10,000. Defendant Soucek, as such county treasurer, deposited in said Farmers & Merchants Bank of Nash $10,000 of the funds of said county. It appears that he had also deposited in each of the other banks, desig-

nated as such depositories the full amount covered by their respective bonds.

The bond of the Farmers & Merchants Bank of Nash expired on January 11, 1923. After the expiration of such bond $2,000 more was deposited in said bank, and on February 12, 1923, said bank was found to be insolvent and placed in the hands of the Bank Commissioner, at which time defendant Soucek had on deposit therein the sum of $12,000 of the county's funds. The bank was reorganized, and after the expiration of Soucek's term as county treasurer, on July 1, 1923, there was paid to Grant county from the assets of said bank the sum of $8,500, and suit was then filed in the district court of Grant county, by the board of county commissioners, against Soucek and his official bond to recover the remaining $3,500.

The cause was tried to a jury, resulting in a verdict and judgment for defendants, and plaintiff prosecutes this appeal.

There is practically no dispute as to the facts in this case, the difference between plaintiff and defendants being the interpretation and application of the law as applied to the facts. Section 5727, C. O. S. 1921, provides:

"In all counties the county treasurer shall deposit daily all the funds and money of whatsoever kind that shall come into his possession by virtue of his office as such county treasurer in his name as such county treasurer in one or more banks located in the county and designated by the board of county commissioners as the county depositories: provided that there shall not be deposited of such funds in any bank at any one time a greater amount that the capital stock and surplus of said bank. * * * Before directing or authorizing the deposit of any such funds aforesaid, the board of county commissioners shall take from each such bank a surety bond or some surety company authorized by the proper authorities of the state of Oklahoma to do business in said state, in a sum equal to the largest approximate amount that may be deposited in each respectively at any one time; * * * provided that nothing in this act shall be construed to prohibit the county treasurer from depositing funds of the county in banks outside of the county in cases of emergency and when such banks shall place with the county treasurer the same class of security as hereinbefore provided."

It is the contention of defendants that Soucek, as county treasurer, stands in the relation of a bailee for hire, and as the law makes it the duty of the board of county commissioners to designate the depositories for county funds, that the treasurer was only bound to exercise good faith and reasonable skill and diligence in the discharge of his trust; while it is the contention of plaintiff that, since the law required the county treasurer to give bond for the faithful discharge of his duties, he was not exonerated by the exercise of ordinary care and diligence, but that he and his bondsmen are insurers of the funds coming into his hands as such county treasurer.

The trial court adopted the former theory and instructed the jury, in substance, that Soucek was only bound to exercise good faith and reasonable skill and diligence in handling and depositing the county's funds, and that unless the jury found that he had failed to exercise such good faith and reasonable skill and diligence, the verdict should be in his favor, and it is of the instruction of the court based on this view that plaintiff here complains.

The principal authority cited and relied upon by plaintiff is Van Trees v. Territory, 7 Okla. 353, 54 Pac. 495, wherein the territorial Supreme Court, in an opinion filed July 30, 1898, in the first paragraph of the syllabus, said:

"In an action on an official bond of a county treasurer, the fact that the moneys were deposited in a solvent banking institution which thereafter failed, resulting in the loss of the funds, without any fault or negligence on the part of the treasurer, constitutes no defense to said action."

Reference to the territorial statutes, however, shows that the county treasurer was vested with full, complete, and absolute control over the keeping, depositing, and handling of the county's funds. The law was afterwards changed and the board of county commissioners allowed to designate the depositories for the county's funds, and in State ex rel. v. McCloud, 64 Okla. 126, 166 Pac. 1065, in an opinion of this court written by Commissioner Burford, held that where the county treasurer deposited funds in a bank designated by the board of county commissioners as a depository, and the bank failed, that the bondsmen would be exempted from liability, but that no such exemption would apply to the county treasurer, but, on rehearing, the same was modified in an exhaustive opinion written by Mr. Justice Rainey, to which opinion, and the authorities therein cited, reference is hereby made in support of the conclusion herein reached, and in which opinion the following language is used:

"From our investigation of the reported cases we are unable to find a single one holding a treasurer liable on his official

bond in cases similar to the one at bar, where, under acts providing for county depositories requiring the treasurer to deposit funds coming into his hands in designated banks, upon said banks executing and the county board taking and approving said bonds as required by law, but we have found several well-considered cases holding that the treasurer is not liable under such circumstances."

The statute hereinbefore quoted and in force at the time Soucek was county treasurer of Grant county was passed by the 1919 Legislature, chapter 284, Session Laws 1919, page 405, and this act was designed to further protect the county's funds in the hands of the county treasurer and, as we view it, greatly limited the county treasurer's discretion and correspondingly reduced his liability.

It may be said with some degree of justice that when the bank's bond expired it was the duty of defendant to call that fact to the attention of the board of county commissioners, but the duty of requiring the depository bond is placed upon such board, and whether the defendant insisted that the bond be renewed, or whether he withdrew the funds from the bank, are both questions which may properly be conside.ed in determining whether he exercised reasonable skill and diligence.

The record in this case, viewed in the light of the above-cited authorities, leads us to the conclusion that when defendant followed the direction of the board of county commissioners and deposited the county's funds in the depository provided therefor by said board of county commissioners, he then owed no greater duty than to exercise ordinary care as a bailee for hire, and whether he exercised ordinary care was a question of fact for the jury, and, the jury having specifically found that he did use ordinary care and diligence in depositing said funds, we are bound by such verdict.

We cannot agree, however, with the view taken by the trial court as to the measure of defendant's liability as applied to the $2,000 deposited in the bank over and above the amount of the depository bond. Whatever may be the relaxation of the duty and responsibility imposed upon the county treasurer by the enactment of the law providing that the board of county commissioners shall select the depository and require the bond, the treasurer, as the trustee of public funds, is held to the strictest accountability for the safekeeping of the funds coming into his hands and not disposed of in strict conformity to the provi-

sion of the statute, and will not be relieved from liability if he fails to follow its provisions.

Defendant's excuse for depositing the $2,000 in the bank over and above the amount of the bond required is that the other depositories had deposited therein the full amounts of their bonds, or securities deposited, but the latter clause of section 5727, C. O. S. 1921, supra, providing that nothing in the depository law should prohibit the county treasurer from depositing funds in banks outside of his county, in cases of emergency, by requiring such banks to furnish the same security as the designated depositories furnished. Doubtless this clause of the statute was intended to cover just such an emergency as arose in the instant case, and, under the rule laid down in Hinton v. State, 57 Okla. 777, 156 Pac. 161, following the rule laid down in County Commissioners v. Dunlop, 17 Okla. 53, 87 Pac. 590, the defendant must be held liable for this $2,000 deposited.

It is our judgment, therefore, that the court erred in failing to so instruct the jury, and for that reason the judgment of the district court is, in this respect, reversed and remanded with instructions to dispose of the case in conformity to the views herein expressed, and the judgment of the trial court is, in all other respects, affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 15 C. J. p. 520, §197; 22 R. C. L. pp. 468-470; 3 R. C. L. p. 126; 5 R. C. L. Supp. p. 1206. (2) 4 C. J. p. 853, §2834; 15 O. J. p. 521, §197: p. 529. §212 (Anno). (3) 15 C. J. p. 521, §197.