# WILLIAM H. HAYDEN

## v.

## ALTON NATIONAL BANK.

*Principal and Agent—Banker's Lien on Deposit—Set-off.*

1. A bank may set off a matured indebtedness against deposits made by a third person as agent of its debtor.

2. A joint and several note may be set-off against a debt due one of its makers.

3. In the case presented, it is *held:* That the deposits in question were made by the agent as the money of the principal; that the bank was so informed when the account was opened by him; and that no part thereof was set apart for specific purposes.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. BAKER & BAKER, for appellant.

We claim that the set-off was not a legal and proper one, and that under our Supreme Court decisions the plaintiff ought to recover and the set-off be denied. " Demands to be set off must be mutual." Waterman on Set-off, 252; Bridgham v. Tileston, 3 Allen, 371.

"Demands to be set off must be mutual and between the parties to the action." 1 Chitty Pl. 571; Babington on Set-off, 37; Gregg v. James, Breese, 107; Hinckly v. West, 4 Gilm. 136; Burgwin v. Babcock, 11 Ill. 28; Hilliard v. Walker, 11 Ill. 644.

" In general, a set-off must be claim of all defendants and no more against all plaintiffs and no more." Hilliard v. Walker, 11 Ill. 644; Favorite v. Lord & Smith, 35 Ill. 142; Lemon v. Stevenson, 36 Ill. 49; Stenson v. Gould, 74 Ill. 80; Coats v. Preston, 105 Ill. 470.

If the bank has any right whatever to apply this money deposited with it by the plaintiff on the notes in evidence,

that right must rest upon the banker's lien or banker's right of set-off which, under certain circumstances, permits such application.  In many States there is no such lien or right to set off.  In this State, however, the lien on the funds of a depositor exists under certain circumstances.

The law is, nevertheless: " That where a deposit is general there is an implied undertaking on the part of the bank to return, not the same funds, but an equivalent sum whenever it shall be demanded."  Ward v. Johnson, 95 Ill. 215; Brahm v. Adkins, 77 Ill. 263; Otis v. Gross, 96 Ill. 612.

" The relation between the depositor and the banker is that of debtor and creditor."  Morse on Banks and Banking, 28; Johnson v. Ward, 2 Ill. App. 261; Ward v. Johnson, 95 Ill. 215; Graves v. Dudley, 20 N. Y. 80; Croskell v. Bower, 32 Beav. 86.

"The doctrine is well established, where money is deposited in the bank in the ordinary course of business it does not raise a contract of bailment.  The transaction amounts to a loan without interest and creates the relation of debtor and creditor; the bank receives the money deposited and undertakes to repay the same on demand at all events."  Edwards on Bailments, 66; Story on Bailments, Sec. 88; Marine Bank of Chicago v. Rushmore, 28 Ill. 463, 471.

As to a banker's lien, the Supreme Court, in the case of Commercial National Bank v. Proctor, 98 Ill. 558, says that "where a depositor in a bank is indebted to the bank by bill, note or other independent indebtedness, the bank has the right to apply so much of the funds of the depositor to the payment of his matured indebtedness as may be necessary," etc. That is, where the depositor himself is indebted to the bank, and the depositor himself has funds in the bank, the latter may be applied to the indebtedness.  That is the *only* condition or circumstance under which the lien exists or can be exercised.  The depositor and the debtor must be identically the same person.

The rule governing the lien of a banker on the money in his possession must of necessity be fixed and determined.  It can not be shifting, now covering this case and now that.

The business world demanded that it should be beyond ques-
tion and quibble, and it has, therefore, been laid down as an
absolute rule governing such cases, that "the lien and the
right of set-off only exist when the individual, who is both
depositor and debtor, stands in both these characters alike, in
precisely the same relation and on precisely the same footing
towards the bank." Morse on Banks and Banking, 48; Grant
on Banking (3d Ed.), 308.

This is held to be the rule in England, as shown in the case
of Watts v. Christie, 11 Beav. 355, and in the State of
Arkansas, as indicated in the case of Dawson v. Real Estate
Bank, 5 Ark. 283.

This rule has also been adopted by our Supreme Court and
by our Appellate Courts in Richardson v. International Bank,
11 Ill. App. 582; Coats v. Preston, 105 Ill. 470; Interna-
tional Bank v. Jones, 119 Ill. 407.

"Funds deposited in bank for a special purpose, known to
the bank, can not be withheld from that purpose and set off
against a debt due the bank from a depositor." Grant on
Banking, 300; Jarvis v. Rogers, 15 Mass. 397; Davis v.
Bousler, 5 T. R. 492; Locke v. Prescott, 32 Beav. 261; U. S.
Bank v. Manchester, 9 Barr. 479.

Messrs. WISE & DAVIS, for appellee.

Appellant's agency and the name of his principal having
been disclosed when he deposited the money sued for, the
action should be in the principal's name. Rentchler v. Hucke,
3 Ill. App. 144.

In an action by an agent to recover money due his principal
a debt of the principal to the defendant may be set off.
Coppin v. Walker, 7 Taunt. 237; Coppin v. Craig, 7 Taunt.
243; Higgins v. Senior, 8 M. & W. 834; Huntington v. Knox,
7 Cush. 371; Rabone, Jr., v. Williams, 7 T. R. 360 *n.;* Stinson
v. Gould, 74 Ill. 80.

"Where a depositor in a bank is indebted to the bank by
bill, note or other independent indebtedness, the bank has the
right to apply so much of the funds of the depositor to the
payment of his matured indebtedness as may be necessary."

Commercial National Bank v. Proctor, 98 Ill. 558; Morse on Banks and Banking, p. 45.

· Where two or more parties enter into a joint and several bond or note it becomes the separate debt of each, and · may therefore be set off by the obligee or payee in an action brought against him by either of the obligors or makers. Fletcher v. Dyche, 2 T. R. 32; Dunn v. West, 5 B. Mon. 376; Stadler v. Parmlee, 10 Iowa, 23; Branch State Bank v. Morris, 13 Iowa, 136; White v. Rogers, 6 Blackf. 436; Pate v. Gray, Hemp. 155; Donelson v. Colerain, 4 Met. 430.

Green, J. P. Appellant brought suit against appellee to recover an amount of money deposited with the latter by appellant in the name of "William H. Hayden, agent." The cause was tried by the court without a jury, under a plea of the general issue and notice of "set-off," stating that the defendant would insist the money sued for was the property of George D. Hayden and not plaintiff's, and came to and was received by plaintiff as agent for George D. Hayden, and was deposited with defendant by plaintiff in his name, but as agent for George D. Hayden, who, before the commencement of this suit, was and is indebted to defendant on three notes, two for $1,000 each and one for $300 (describing notes), signed by Geo. D. and Sarah Hayden, which notes became due before the commencement of the suit, and offers to set off and allow against demand sued for so much of said money due from said George D. Hayden to defendant as will be sufficient to satisfy and discharge such demand. No findings of law were requested on behalf of either party. The court found the issues for defendant and rendered judgment against plaintiff for costs, whereupon plaintiff took this appeal, his motion for a new trial having been overruled. It appears from the evidence said George D. Hayden had been engaged in business in Alton until August 2, 1887, when he disappeared, leaving no one in charge of his business; that a few days after his departure, his brother, the appellant, came to Alton, and, as he says, at the instance of creditors of George D. Hayden, took charge of the business as the agent of his brother to look after

it until it should be ascertained where his brother was. Dur-
ing the time he was so acting, and on September 3, 1887, he
opened an account with appellee in the name of "William H.
Hayden, agent," and between September 3 and 7, 1887, de-
posited with appellee to the credit of that account $566.54;
against this account a check for $40 and one for $22.50 had
been drawn by appellant and paid by the bank, leaving a balance
of $504.04, to recover which this suit is brought.   It is claimed
on behalf of appellant that this deposit was made by him in
his own name; that it was received, accepted and entered by
appellee upon its books as his; that the greater part of it was
deposited and to be appropriated for a certain specific purpose
with the consent of the bank, and under this state of facts ap-
pellee had no lien, as a bank, upon the sum deposited for the
debt of George D. Hayden, and had no legal right to apply
such balance of the deposit as a credit upon the note of George
D. and Sarah Hayden, or set off such note against said balance.
The state of facts so claimed to exist was denied on behalf of
appellee, and on its behalf it is claimed the money was de-
posited by plaintiff as the money of George D. Hayden, and
it was so understood and made known to defendant by plaint-
iff; that the plaintiff was acting with defendant in depositing
this money as the agent of George D. Hayden in conducting
the business out of which the money deposited was derived.
The evidence introduced in support of these disputed facts by
the respective parties was conflicting, but the trial court, who
saw the witnesses and heard them on the stand while being
examined as such, occupied a position and had an opportunity
enabling it to determine more accurately and fairly the weight
and credit to be given the testimony of each witness than is
afforded this court, and has settled that conflict and deter-
mined the disputed facts in favor of defendant below.   Such
finding ought not to be disturbed unless it is manifestly and
clearly wrong.   We have carefully examined all the evidence
contained in the record and are satisfied the court below was
warranted in finding that plaintiff, as agent of George D.
Hayden, deposited the money with the bank as George D.
Hayden's money, derived from his business then being carried

on by plaintiff as his agent; that defendant was notified of these facts at the time said account was opened, and was never informed to the contrary, and that no part of the money so deposited was set apart or appropriated for any specific purpose with the knowledge or consent of the bank; and in saying this we are not unmindful of the fact that Wade testified, after the balance of the deposit had been indorsed as a credit upon the note of George D. and Sarah Hayden, and plaintiff was told of it and made no objection, plaintiff told him there were some debts incurred he felt morally bound to pay, and exhibited a memorandum showing the nature and amounts thereof, aggregating $207.11, and said if this sum was allowed him he had no objection to such application of the balance, and thereupon witness, after consultation with his associates in the bank, agreed to the request and consented to allow him that sum. No lawful consideration supports such promise, and the next day the plaintiff repudiated the arrangement by bringing this suit.

If this finding of the court was justified by the evidence, the questions remaining to be decided are, could defendant below set off a debt of George D. Hayden against the demand sued for? And was the note upon which said balance was indorsed as a credit a debt of his? Both these questions, we think, must be answered in the affirmative.

When appellant claimed and was known to be acting for George D. Hayden merely as his agent, his acts and contracts must be deemed to be the acts and contracts of his principal only, and "involve no personal responsibility on the part of appellant." Story on Agency, Sec. 261, *et seq.* And in an action by him to recover money due his principal, a debt of the principal may be set off. Huntington v. Knox, 7 Cush. 371. If the suit is brought in the name of the agent instead of the principal, upon any contract knowingly made by the former for the latter, the other contracting party will generally be entitled to make the same defense, and establish the same claims against the agent that he would be entitled to if the suit was brought in the name of the principal. Story on Agency, Sec. 404.

Where a depositor is indebted to a bank, the latter has the right to apply so much as may be necessary of the funds deposited, undisposed of and remaining in its hands, to the payment of his matured indebtedness. Commercial Bank of Albany v. Hughes, 17 Wend. 94; Morse on Banks and Banking, 27. But appellant insists that a bank has a right of set-off against a deposit only in a case where a depositor and debtor is the same person, and that here appellant is the depositor and his principal is the debtor; hence, under the rule, defendant was not entitled to the set-off claimed. In law, however, under the facts found, George D. Hayden was the depositor, notwithstanding the deposit was made by his agent. The authorities cited, and many others not cited, support the view we have expressed. If the finding of the trial court was justified by the evidence, the debt of George D. Hayden due defendant was properly allowed as a set-off against the demand sued for. Appellant claims, however, that the note upon which the credit of $504.04 balance of deposit sued for was indorsed, was not a debt of George D. Hayden's, but was a joint debt of him and Sarah Hayden, and therefore not a proper set-off against his separate demand. The note reads as follows:

"$1,000                    ALTON, April 22, 1887.
"Ninety days after date I promise to pay to the order of Alton National Bank one thousand dollars, with interest at eight per cent. per annum until paid, for value received, payable at the Alton National Bank.

"GEO. D. HAYDEN,
"SARAH HAYDEN."

On this note appellee could maintain suit against George D. Hayden alone, and if so, no legal objection forbids its allowance as a set-off against any separate demand of his against appellant. Set-off of a joint and several note against the debt claimed to be due one of the makers is admissible. Stadler v. Parmlee, 10 Iowa, 23, White v. Rogers, 6 Blackf. 436, and numerous other cases announce this rule.

We conclude, therefore, said note was a proper set-off as a debt of George D. Hayden against the demand sued for, and the court below did not err in so holding.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*