## Aquilla C. Barnett v. John H. Miller.

1. PRINCIPAL AND AGENT—*Particular Facts Not Showing an Agency.* —Defendant had loaned money to a person on a promissory note. Plaintiff, prior to, at the time and subsequent to the giving of the note, had told the party giving it, and one or more of the sureties, that he, the plaintiff, would procure for such party a loan, and out of the proceeds pay the note. Plaintiff afterward procured the loan and deposited the proceeds in defendant's bank to his own personal account. Defendant having learned that the money deposited in his bank was the proceeds of such loan, charged plaintiff's account with the amount of the note and interest, and canceled the note. *Held,* that there was no such privity of obligation among the three parties, as to warrant the application by defendant of plaintiff's money to the payment of the note.

Assumpsit.—Appeal from the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed September 10, 1903.

LEONIDAS WALKER and JOSHUA S. SNEED, attorneys for appellant.

T. B. STELLE and WEBB & LANE, attorneys for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Aquilla C. Barnett, the appellant, brought suit in the Circuit Court against the appellee, John H. Miller, a banker, to recover $282.30, claimed as a balance due on deposit account.

In defense of this claim proof is made that on September 18, 1899, Frank Sandusky, with sureties, executed and delivered to appellee, John H. Miller, his promissory note for $252.50, payable in thirty days; that prior to, at the time and subsequent to the giving of the note, appellant told Sandusky, the appellee, and one or more of the sureties, that he, the appellant, would procure for Sandusky a loan upon real estate and out of the proceeds pay this note; that appellant, as agent for Sandusky, procured the contemplated loan, $988.97, and deposited the same to his personal account in appellee's bank February 12, 1900; that on or about July

Barnett v. Miller.

27, 1901, appellee learned that the Sandusky loan had been made and that the money deposited in his bank February 12th was the proceeds of such loan; that thereupon he charged the account of appellant with the amount of the note and interest, $282.30, canceled the note, and that Sandusky authorized or assented to this action; that within ten days or two weeks thereafter the appellant's pass-book was written up and returned to him, together with canceled checks and this note charged to his account; that he called appellant's attention to the note and explained the charge in the pass-book whereby it had been paid, to which no objection was made; that on October 5, 1901, appellant drew and presented his check for $282.30, the sum applied in payment of the Sandusky note, and that appellee refused to pay it.

The theory of the defense, adopted by the trial court, manifest by defendant's given instruction, and contended for here, is not supported by the evidence. Nothing in the evidence tends to show that appellant's deposit account at the bank was chargeable with Sandusky's obligation. The money received on the Sandusky loan was not deposited as agent, was not so understood by the banker at the time, and subsequent dealings between the parties evidences the relationship of debtor and creditor and not that of principal and agent as to this fund.

It may be, and so the evidence tends to prove, that appellant was indebted to Sandusky, the exact sum is not clear, and for this Sandusky has his remedy; but there is no such privity of obligation among the three parties, Miller, Sandusky and Barnett, as to warrant the application by Miller of Barnett's money in bank to the payment of Sandusky's note. The case of Hayden v. Alton Nat'l Bank, 29 Ill. App. 458, cited by appellee, has no application to the facts in this case. In the case cited the court says :

" We have carefully examined all the evidence contained in the record and are satisfied the court below was warranted in finding that the plaintiff, as agent of George D. Hayden, deposited the money with the bank as George

D. Hayden's money, derived from his business then being carried on by plaintiff as his agent; that defendant was notified of these facts at the time said account was opened, and was never informed to the contrary, and that no part of the money so deposited was set apart or appropriated for any specific purpose with the knowledge or consent of the bank."

And again :

" In law, under the facts found, George D. Hayden was the depositor, notwithstanding the deposit was made by his agent."

Barnett had a general deposit account at appellee's bank, and deposited the money received on Sandusky loan to this account as his own. Nothing in the record to show that this deposit at the time it was made, or afterward, was to be regarded by anybody as the deposit of Frank Sandusky, by A. C. Barnett, his agent. Certainly the appellee did not so understand it, nor does he so contend in argument. The cases are not parallel in facts and the doctrine of the Hayden case has no application here. Holding these views as to the law, it follows that the trial court erred in giving appellee's first, second, fifth and sixth instructions. There is evidence tending to show that after the payment and cancellation of the note in question, the appellant, with knowledge of what was done, approved and ratified it. Had this issue been fairly submitted to the jury the verdict would be conclusive.

Reversed and remanded.