## VAN ARSDALE *et al. v.* EDWARDS.

### No. 57.  Opinion Filed May 15, 1909.

#### (101 Pac. 1123.)

1. **INSURANCE—Notes Given for Premiums—Actions—Set-Off.** E. executed to V. & O., general agents of an insurance company, his promissory note in payment of the premium advanced and paid by V. & O. to the insurance company on a policy of insurance, whereby the insurance company indemnified E. against loss from hail to a crop of wheat. The note contained a mortgage whereby E. mortgaged to V. & O. said crop of wheat to secure the payment of the note. The note recited that it was given in payment of the premium on the, policy of insurance and the mortgage provisions of the note contained the following clause: "In case of loss under the. above named policy of insurance, the debt hereby secured shall at once become due and shall be deducted from said loss." **Held,** that said clause created a lien oñ any sum that might become due under the policy by the insurance company to the insured in favor of V. & O. to secure the payment of the note, but that V. & O. did not thereby contract to pay any loss, not exceeding the amount of the note, that might occur under the policy before the payment of the note, and that such clause did not confer upon the maker of the note in an action thereon by V. & O. the right to set off any claim against the insurance company he had under the policy by reason of damage by hail to the crop insured.

2. **SET-OFF AND COUNTERCLAIM—Privity of Parties.** There must be privity of parties in order to enable a defendant to plead and prove a set-off, and defendant cannot plead and prove a set-off in favor of himself and against one who is not a party to the suit.

(Syllabus by the Court.)

*Error from District Court, Grant County; M. C. Garber, Judge.*

Action by W. O. Van Arsdale and H. L. Osborne, copartners, against David Edwards. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

This proceeding in error is brought from a judgment in the district court of Grant county. Plaintiffs in error (plaintiffs below) constitute a copartnership doing business under the firm name of Van Arsdale & Osborne. In their petition in the lower court they declare upon a promissory note executed and delivered to them by defendant in error (defendant below), a copy of which they attach to their petition as an exhibit. Their petition contains all the necessary averments in an action upon a promissory note. Defendant in his answer admits the execution of the note, but denies any and all the other allegations contained in plaintiffs' petition, and makes the following allegation:

"Defendant further alleges by way of set-off that said note was executed by this defendant in consideration of certain insurance procured by plaintiff for this defendant from the St. Paul Fire & Marine Insurance Company, a corporation existing under the laws of the state of Minnesota, of which said insurance company these plaintiffs were and are the general agents; that said policy of insurance, so issued, was numbered 658, duly signed by the president and secretary of said company and countersigned by these plaintiffs as general agents for said company on the 2d day of April, 1903, and delivered to this defendant in consideration of said note as aforesaid."

A copy of the policy is attached to the answer as an exhibit and made a part thereof. By the terms of the policy, the St. Paul Fire & Marine Insurance Company insures the defendant against loss from hail to 60 acres of growing wheat situated in Grant county. Defendant alleges that on or about the 26th day of June, 1903, and while the policy of insurance was in full force and effect, the property covered and insured by it was partially destroyed by hail, and that the loss and damage sustained by him was $96, that no part of this sum has been paid by the insurance company, and he pleads that plaintiffs had knowledge and notice of all the facts aforesaid and that it is agreed in the note sued on

that said loss should be deducted from the note, and he prays for a judgment of the court that the amount demanded by plaintiffs in their petition should be deducted from said sum of $96, the loss sustained by him under the policy, and that the note be cancelled and delivered to him. Plaintiffs demurred to the answer, which was overruled. The case was tried to the court without a jury. Under the issues formed by the pleadings, the burden of proof was assumed by defendant. At the conclusion of the evidence plaintiffs demurred to same, which was overruled. Judgment was rendered in accordance with the prayer of defendant's answer. Such further statement of the facts as is necessary to the consideration of the question presented by this appeal will be made in the opinion.

C. A. Matson, E. L. Foulke, D. M. Tibbets, and Fred W. Green, for plaintiffs in error, citing: Wilson's Rev. & Ann. St. § 4302; Richardson v. Penny, 10 Okla. 217; 8 Cyc. 184; Waterman on Set-Off, pp. 26, 47, 252.

F. G. Walling, for defendant in error.

HAYES, J. (after stating the facts as above). Counsel for plaintiffs state in their brief that the only question which they desire considered in this proceeding is whether defendant in his answer has set up, and by his evidence has proved, a loss that constitutes a set-off against their cause of action. Defendant's counsel in his brief admits that the cause of action alleged in defendant's answer against the St. Paul Fire & Marine Insurance Company constitutes no set-off against plaintiffs' action unless such right is given to him by the terms of the note; but he contends that by the terms of the note defendant has been given such right. The instrument upon which this action is brought may be described as a combination note and mortgage. Following that part of the instrument which binds the maker to pay the stipulated sum to the payees therein, which is in the usual form of a plain promissory note, occur the following provisions:

"This note is given as premium for hail insurance on my crop of wheat, 60 acres in all, now growing on the N. W. Qr. of

sec. 3, T. 26 R. 4, Grant County, Territory of Oklahoma.   To se-
cure the payment of the above debt herein provided, I or we do
hereby mortgage and convey to Van Arsdale and Osborne or their
assigns, the wheat above described, and if this note is not paid
when due, or if any attempt is made to sell, or remove said wheat,
or any part thereof, before the full payment of this note (permis-
sion, however granted to sell not to exceed twenty-five per cent of the
above crop for the purpose of paying this note, and harvest ex-
penses), said debt shall at once become due and payable without
notice, and the legal holder thereof shall be entitled to the im-
mediate possession of said wheat.   In case of loss under the
above-named policy of insurance, the debt hereby secured shall at
once become due, and shall be deducted from said loss.   In case
of default of any of the conditions herein contained, the makers
hereof agree to pay ten dollars as attorney's fees to the legal hold-
er thereof.   This mortgage to be void in case of full compliance
of all the terms and conditions hereof, otherwise to remain in full
force and effect."

Defendant contends that that portion of the above language
reading, "In case of loss under the above named policy of insur-
ance, the debt hereby secured shall at once become due and shall
be deducted from said loss," confers upon him the right by agree-
ment to set off or deduct the amount due by him to plaintiffs on
the note from the loss he alleges he has sustained under the policy.
If this construction of the language of the note is correct, then
it must be held that it was the intention of the parties to the
note that the payees of the note obligated themselves and their
assigns to pay defendant whatever loss he sustained under the
policy to the amount of the note, if such loss occurred before
the payment of the note.

Plaintiffs were at the time of the execution of the note the
general agents of the insurance company for the state of Kansas
and territory of Oklahoma.   Defendant alleges in his answer that
the note was given in consideration of the insurance secured by
plaintiffs for him from the insurance company, and the evidence
disclosed that while the policy of insurance is countersigned by
plaintiffs as the general agents of the insurance company, and
that they represented the company in executing and delivering

the policy to defendant, they also acted for defendant to the extent that they furnished the money with which the payment of the premium on the policy was made, and took in payment of the sum advanced by them for the payment of said premium the note in controversy. The uncontroverted evidence is that the insurance company has not now, and has never had, any interest in the note. Plaintiffs, after the issuance of the policy, paid the company the premium thereon, and are now, and have at all times since the execution of the note been, the exclusive owners thereof. The contract of insurance executed by the insurance company and delivered to defendant, and the note sued upon in this action, grow out of the same transaction; but they are not one and the same contract. The policy of insurance undertakes to indemnify defendant against loss to his crop of wheat from hail. The note sued upon was executed by defendant to plaintiffs in payment of money which they were to advance for defendant in payment of the premium on the policy of insurance.

The sole question presented by the case is: What was the intention of the parties by the language used upon which defendant relies as establishing his right of set-off by agreement? The provision upon which he relies appears in that portion of the note which constitutes a mortgage in favor of the plaintiffs upon the wheat crop of defendant. The mortgage provisions of the note provide that, if any attempt is made to sell or remove the mortgaged property before the full payment of the note, the debt shall at once become due, and it further provides that the mortgagee shall be entitled to the immediate possession of the property. These provisions of the note are entirely for the benefit of plaintiffs, and were intended to secure them in the payment of the note by enabling them to enforce immediately the lien upon the crop mortgaged, if defendant should commit the acts named in the note by which their security would be endangered. Immediately following these provisions occurs the provision upon which defendant relies, as giving him his right to set off his claim against the insurance company against plaintiffs in this action. But we

are unable to agree with his construction of the contract. The language upon which he relies is one of the mortgage provisions of the note. The property covered by the policy of insurance was the same property covered by the mortgage. If the crop should be destroyed by hail, although the contract of insurance was procured by plaintiffs for defendant and the premium thereon was paid out of money advanced by them for him, plaintiffs' security would be gone without some provision in the mortgage whereby they retained a lien upon the funds to which the defendant would be entitled under the policy in payment of his loss, and the insertion of such clause in the note was intended to and did give to plaintiffs a lien upon any amount that might become due under the policy for loss sustained by defendant to the extent of the amount of their note. The language of the note is that the debt secured "shall be deducted from said loss," not that "any loss that occurs on the policy shall be deducted from the note"; and we do not think that, because the note gives the plaintiffs the right to collect and apply on the note a sufficient amount of any loss defendant sustains under his policy to liquidate the note, it follows that defendant shall have a right to deduct from the note any loss he sustains, thereby making plaintiffs his insurer as well as the insurance company. The note does not expressly so provide, and such intention does not appear from the context of which the language relied upon forms a part.

Plaintiffs procured for defendant from the insurance company the policy, and the insurance company contracted, under the terms of the policy, to indemnify defendant against loss resulting from hail to the property covered by the policy. To the contract of insurance plaintiffs were not parties. To the note sued upon the insurance company is not a party. Plaintiffs' connection with the policy consists of their acts as general agents of the company in countersigning the policy, in which matter they acted for the company, and of their act in advancing for defendant the money with which the premium on the policy was paid to the company. In this matter they acted for the defendant. The note was given by

him to them in payment of the sum expended by them in payment of the premium on the policy. The insurance company is not a party to this contract, and the rights and obligations arising thereunder are mutual as between the plaintiffs and defendant only. Defendant in his answer has alleged a cause of action against the insurance company under the policy, but the plaintiffs are not parties to that contract, and have no liability thereunder, and no cause of action arising under it can be pleaded as set-off in this action. There must be privity of parties in order to enable a defendant to plead and prove a set-off, and defendant cannot plead and prove a set-off in favor of himself and against one not a party to the suit. 8 Cyc. 184. A demand to be set off must be mutual, and must exist between all the parties to the action. It must be such a claim as would support a separate action in defendant's favor against the plaintiff. Waterman on Set-Off, p. 26. The matters alleged by defendant in his answer whereby he attempts to plead a set-off constitute a cause of action against the insurance company, but not against plaintiffs.

The judgment of the trial court is reversed, and the cause remanded.

Dunn, Turner, and Williams, JJ., concur; Kane, C. J., concurs in result.