## WATTENBARGER et al. v. CITY OF VINITA.

No. 23160. Oct. 16, 1934.

Rehearing Denied Jan. 8, 1935.

Ames, Cochran, Ames & Monnet and Richard L. Wheatley, for plaintiffs in error.

Carey Caldwell, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared below. This is an appeal from a judgment rendered in favor of plaintiff and against the defendants for the sum of $2,150.45, with interest at 6 per cent. from October 1, 1930, and a further judgment against the defendant Wattenbarger for the additional sum of $118.50, with interest at 6 per cent. from October 1, 1930, and costs.

The facts as shown by the evidence in this case are that the defendant Wattenbarger was city clerk of the city of Vinita, Okla., and the United States Fidelity & Guaranty Company furnished his official bond in the amount of $5,000; that said Wattenbarger, as city clerk, under the ordinances of the city, was charged with the duty of collecting on behalf of the city certain funds, said city owning and operating its own water plant. The evidence discloses that said clerk collected funds to the amount of $2,150.45 in accordance with said ordinances, and $118.50 of funds belonging to the city, which were not covered by ordinance; that said city clerk, although his office was in the same room with the city treasurer of said city, instead of delivering said funds to the city treasurer daily or monthly as collected, opened an account in his own name as city clerk with the Farmers State Bank of Vinita, Okla., and carried said funds on deposit in said bank and was so carrying the same at the time said bank failed and was taken over by the Bank Commissioner on the 16th day of May, 1930, and that after due demand was made on said city clerk and his bondsman, the United States Fidelity & Guaranty Company, this suit was filed.

The ¹evidence further shows that said failed bank at the time of the failure held warrants of the city of Vinita in excess of the amount of the deposit of the city clerk, which warrants were payable out of the city funds, which by ordinance it was the duty of the city clerk to collect and pay over to the city treasurer.

The evidence further discloses that on the 10th of May, 1927, personal bond in the amount of $50,000, signed by the various officers and directors of said bank, was taken and approved by the city council to secure deposits made in said bank.

The legal contentions involved in this appeal and presented by the motion for new trial and petition in error may be stated:

First. Is the city clerk an insurer of money collected by him?

Second. Has the city clerk the legal right to require the city to offset warrants owned by a failed bank against deposits made by the city clerk in a failed bank?

In this case the duty of the city clerk as fixed by the ordinances was to collect on behalf of the city money due the city, and on collection of the same to pay it over to the city treasurer, who is the custodian under the law of all the funds of the city. Counsel have not cited any authorities authorizing the city clerk as such to retain this money. No excuse either in law or in fact is offered why the money belonging to the city was not turned over to the city treasurer, but, on the other hand, the city clerk saw fit to deposit this money in his own name as city clerk in a bank which later failed.

The affairs of the city in handling its finances are regulated by law, and counsel

have cited us to none, and we have been unable to find any law, that authorizes the city clerk to handle these funds or deal with them in any capacity other than as agent of the city in making collections of money belonging to his principal.

In the early case of Van Trees v. Territory, 7 Okla. 353, 54 P. 495, it was held that a county treasurer under the circumstances of this case was an insurer of the funds in his hands. This rule has been approved in the cases of Hinton v. State ex rel. Neal, 57 Okla. 777, 156 P. 161; State ex rel. Adair County Com'rs v. McCloud, 64 Okla. 126, 166 P. 1065; Ferrell v. Town of Mountain View, 127 Okla. 246, 260 P. 470.

The ordinances requiring the city clerk to make these collections were in force at the time of the giving of his bond in this case for the faithful performance of his duties. The faithful performance of his duties in the collection of this money was to collect the same and pay it to his principal, the proper officer, the city treasurer. His failure to do so was at his own risk and peril. He was an insurer of these funds, and if the funds were lost by reason of his failure to perform his duty of paying these funds over to the treasurer, then he cannot complain, nor can his bondsman be relieved because a clerk failed to perform his duty as city clerk, in that it is admitted that he collected this money, that it belonged to the city, and that he has failed to pay it over.

The second proposition contended for by defendants is that the city clerk and his surety were entitled to have the amount of the city clerk's deposits offset against warrants owned by the bank payable out of the identical funds collected by the city clerk and deposited in the bank. With this contention we cannot agree.

It is argued under paragraph 3 of the brief of defendants, that the surety on the city clerk's bond is entitled to be released as the bank held funds that should be set off against the deposit of the city clerk, and various authorities are cited from Corpus Juris apparently sustaining this doctrine as a general legal proposition. However, in the instant case, it appears that the same surety was surety on the bond of the city treasurer and in a suit by the city against this same company and the city treasurer, full credit was given the surety for all these funds, the same having been set off against the city treasurer's liability, and the same

having been affirmed by this court in Berger v. City of Vinita, 170 Okla. 214, 40 P. (2d) 1, this day decided.

The same authority cited by defendants, 50 C. J., secs. 266, 268, states:

"The rule that relinquishment of the security by the creditor operates as a discharge of the surety does not apply to a surety who is not injured by the transaction." Siegel v. Hechler, 181 Cal. 187, 183 P. 664; Toovey v. Brock (Sask.) 34 West L. R. 973; and numerous cases cited under this note.

In the succeeding note the text in part says:

"The rule that the relinquishment of security by the creditor or obligee discharges the surety does not apply to one * * * who, with knowledge of the relinquishment, acquiesces therein." Columbus State Bank v. Erb, 50 Mont. 442, 147 P. 617.

In this case the court holds:

"Where indorsers of a note knew the conduct the maker was pursuing with reference to property covered by a chattel mortgage to the payee, and the proceeds thereof, and impliedly assented to his course of conduct, they could not insist that they were injured by loss occurring through his mismanagement or misappropriation of the proceeds."

The record discloses that the city clerk filed his claim with the Bank Commissioner in full for these funds; that he knew what was being done in the way of offsetting this claim against the account of the treasurer. Dividends were paid on the claim filed by the clerk and were credited on this account; hence, both as to the principal, the city clerk, and the surety, United States Fidelity & Guaranty Company, the clerk, if this remedy was available to him, has waived it, and no injury is shown as to the surety.

The city clerk as such was not the custodian of these funds. The law makes the city treasurer alone the custodian of city funds. The only function or office the city clerk had in connection with these funds was to collect the same and pay them to the city treasurer, who was their lawful custodian. He saw fit to deposit these funds in the Farmers State Bank of Vinita in an account of C. O. Wattenbarger, city clerk of said city. His action in this regard was unwarranted and unauthorized in law, and by depositing the fund in the manner he did, the act on the face of it shows said funds actually belonged to the city of Vinita, and

the legal custodian of said funds was the city treasurer.

In 7 C. J. 660, the text reads:

"A bank's liability for the amount of a deposit made with it is to the real owner thereof, regardless of the name under which the deposit was made."

Among the authorities cited under this rule is Hayden v. Alton Nat. Bank, 29 Ill. App. 458; also, Citizens' Bank v. Bowen, 21 Kan. 354.

In this latter case a husband who was insolvent was indebted to a bank, and money belonging to him was placed in the bank in the name of the wife, the husband being the true owner of the money. The court holds that the attempt to deposit in the name of the wife without consideration was void, and the right of the bank to set the same off against the true owner was valid.

The same principle is sustained in Miller & Co. v. Florer, 15 Ohio St. 148, holding:

"Under the Code the right of set-off exists against the persons who are the equitable owners of the demand in suit."

This court, in Zollinger v. First Nat. Bank of Oklahoma City, 126 Okla. 182, 259 P. 141, holds:

"The right of the defendant to exercise its banker's lien in the application of funds held by the bank to the payment of indebtedness owing by a depositor presupposes: (1) That the fund deposited in the bank by the debtor was the property of the latter. (2) That the fund was deposited without restrictions and was not a special fund. (3) An existing indebtedness then due and owing by the depositor to the bank."

(1) Was the fund deposited in the bank by the debtor the property of the latter? Under the facts in this case the actual ownership of this fund and right of control was in the city treasurer, and the funds did not in any sense belong to the city clerk.

(2) Was the fund deposited without restrictions and was it a special fund? Again, under the facts in this case, the deposit itself shows that it was a special fund belonging to the city treasurer, attempted to be carried in the name of the city clerk, with notice to the bank of this fact.

(3) Was an existing indebtedness then due and owing by the depositor to the bank? It clearly appears that the warrants belonging to the bank were payable by the city treasurer only, and not by the city clerk; consequently, under all the authorities, we

conclude that the holding of the trial court to the effect that the offset was properly made and applied is correct.

A copy of the supersedeas bond in this case is set out in the record, which supersedeas bond is signed by the United States Fidelity & Guaranty Company, as principal, and Maryland Casualty Company, a corporation, as surety, and attorney for plaintiff in his brief requests the court to render judgment on said supersedeas bond in this court in the event said cause is affirmed.

Finding no error in the proceedings of the court, the judgment of the trial court is affirmed, and judgment is entered in this court in favor of the defendant in error, the city of Vinita, Okla., a municipal corporation, against the Maryland Casualty Company, surety on the supersedeas bond herein, for the amount of $2,150.45, with interest at 6 per cent. from October 1, 1930, until paid, and for costs.

The Supreme Court acknowledges the aid of Attorneys P. W. Cress, Peyton Brown, and L. A. Maris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cress and approved by Mr. Brown and Mr. Maris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

---

Supplemental Opinion on Rehearing.

OSBORN, J. On rehearing it is urged that the opinion is incorrect in holding that the city clerk is not entitled to an offset of certain warrants held by the bank, inasmuch as the warrants were issued against cemetery funds, road funds, and water department funds, which were funds collected and held by the city clerk.

The trial court held that these warrants should be offset against the deposit of the city treasurer, and said holding was affirmed by this court in the former opinion.

Plaintiffs in error rely upon section 19, article 10, of the Constitution, which provides that no tax levied and collected for one purpose shall ever be devoted to another purpose. This provision of the Constitution has no application to the controversy at hand. No question of taxation is presented. When the city clerk wrongfully deposited said funds in the bank, instead of paying

same into the hands of the city treasurer, the funds lost their identity as to character, in so far as the bank and the city clerk may be concerned. While it is incumbent upon the city treasurer to apportion public funds on his records according to the source from which they were received, there is no such corresponding duty on the part of the bank.

No complaint is made in the petition for rehearing as to the holding of this court that the city clerk, when he failed to deposit the funds in question with the city treasurer as required by law, became an insurer of said funds. It is agreed that his duty required him to deposit such funds with the city treasurer. When he failed to do so and deposited the funds to his own credit in the bank, this amounted to a technical appropriation of the funds to his own use and benefit, although it does not appear that there was any wrongful or unlawful intent on his part. The surety on his official bond, however, became liable to the city when the funds were so appropriated. When the bank became insolvent, there were two debts existing, one debt to the city for the funds which had been deposited by the city treasurer in his official capacity pursuant to law; the other was a debt existing from the bank to the city clerk for the funds deposited by him, which were deposited without legal sanction or authority. The warrants in question had been purchased by the bank and were the legal outstanding obligations of the city. The warrants were therefore properly offset against the deposit of the city. It is conceded that, in order to warrant a set-off, the debts must be mutual, and the principle of mutuality requires that the debts should not only be due to and from the same persons, but in the same capacity. This rule is supported by the following authorities cited by plaintiffs: Kaye v. Metz (Cal.) 198 P. 1047; Shippee, Bank Com'r, v. Pallotti, Andretta & Co. (Conn.) 159 Atl. 494; Smith v. Bath Loan & Building Ass'n (Me.) 136 Atl. 285; Dennis v. Smith (Tex.) 49 S. W. (2d) 909; Wittich v. Wittich (Mo.) 263 S. W. 1001; Heflin v. Heflin (Ala.) 134 So. 20. In support of the same proposition, defendant cites Van Arsdale v. Edwards, 24 Okla. 41, 101 P. 1123; Murphy v. Colton, 4 Okla. 181, 44 P. 208; Bank of Crab Orchard v. Myers (Neb.) 231 N. W. 513; Shapleigh Hdw. Co. v. Brunfield (Miss.) 132 So. 93; Hunter v. Henning (Pa.) 103 Atl. 61; Sanford v. Pike (Ore.) 170 P. 729; 57 C. J. 444.

It is noted that the original opinion holds that plaintiffs in error are not entitled to set off the obligation from the bank to the city in this case, for the reason that the surety in this case is the same as the surety on the bond of the city treasurer. Plaintiff in error's surety takes issue with the court on this finding. It is unnecessary to discuss this issue further, for, under the authorities cited in this supplemental opinion, the decision of the court is correct.

Petition for rehearing is therefore denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.