## BERGER et al. v. CITY of VINITA.

No. 23159. Oct. 16, 1934.

Rehearing Denied Jan. 8, 1935.

Ames, Cochran, Ames & Monnet and Richard L. Wheatley, for plaintiffs in error.

Carey Caldwell, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared below. This is an appeal from the action of the trial court in directing a verdict in favor of the plaintiff and against the defendants. The facts as shown by the undisputed evidence and stipulation of the parties are that Mrs. Al Berger was elected city treasurer of Vinita in April, 1929, qualified as such, and executed her official bond with the United States Fidelity & Guaranty Company as surety. The uninvested sinking fund of the city, to the extent of $15,000, was deposited by her in the Farmers State Bank of Vinita, Okla., on a time certificate of deposit, dated the 17th day of October, 1929. May 16th following the bank failed, and was taken over by the Banking Commissioner and placed in liquidation. After due demand, this suit was filed, resulting in a directed verdict in the amount of $12,144.42, with 6 per cent. interest thereon from the 1st day of October, 1930.

On the 10th of May, 1927, personal bond in the amount of $50,000, signed by the various officers and directors of said bank, was taken and approved by the city council to secure deposits made in said bank. The city of Vinita brought suit on that bond also. and obtained judgment in like amount to the judgment rendered herein. In the present suit, defendants filed an amended answer asking that upon satisfying any judgment rendered in this case they be subrogated to the rights of the plaintiff.

On October 30, 1929, the defendant, city treasurer, received a letter from the Attorney General's office directing her attention to chapters 62 and 88 of the Session Laws of 1925, calling her attention specifically to the law governing the depositing of sinking funds, and that a bond signed by a surety company was required.

Numerous errors are assigned by defendants in their motion for new trial, which are likewise embodied in their petition in error.

The legal propositions involved in this case as raised by the motion for new trial and petition in error may all be grouped under three grounds:

(1) In the absence of any statute limiting the liability of a city treasurer as custodian of money belonging to the city sinking fund, is the duty imposed by law and assumed by him and his surety to safely keep said money absolute?

(2) Has the doctrine laid down by the Supreme Court of the Territory of Oklahoma that said treasurer is an insurer been modified by the various acts of the Legislature to limit the liability of a city treasurer to that of a bailee for hire?

(3) In order for a city treasurer and her bondsmen to obtain the benefits of the various depository acts of the Legislature, is a strict compliance with the provisions of said depository acts necessary?

1. In the absence of any statute limiting the liability of a city treasurer as custodian of money belonging to the city sinking fund, is the duty imposed by law and assumed by him and his surety to safely keep said money absolute?

In the early case of Van Trees et al. v. Territory of Oklahoma, 7 Okla. 353, 54 P. 495, the Territorial Supreme Court decided that:

"In an action on an official bond of a county treasurer, the fact that the moneys were deposited in a solvent banking institution, which thereafter failed, resulting in the loss of the funds, without any fault or negligence on the part of the treasurer, constitutes no defense to said action."

At the time of this decision, said section 5689 of the Statutes of Oklahoma 1893, forbade the loaning of county money with or without interest, and section 5692 of the same statute provided, in effect, that the loaning of county funds with or without interest amounted to embezzlement, and provided on conviction for punishment in the penitentiary. This latter section of the statute is carried forward in the Compiled Statutes of 1921 as section 9781 (7761, O. S. 1931), with only slight modification, which section of the statute provides that said officer is subject to punishment for embezzlement for loaning money with or without interest, "except when authorized by law."

We therefore hold that, under the rule laid down by this court, the city treasurer is liable for the sinking fund deposited in a solvent banking institution which thereafter failed, resulting in the loss of funds,

without any fault on the part of the treasurer, constitutes no defense to the action "except when authorized by law."

2. Has the doctrine laid down by the Supreme Court of the Territory of Oklahoma, that said treasurer is an insurer, been modified by the various acts of the Legislature to limit the liability of a city treasurer so that it is similar to that of a bailee for hire?

In State ex rel. Adair County Com'rs v. McCloud, 64 Okla. 126, 166 P. 1065, this court holds:

"A county treasurer, who in good faith and without notice of any lack of responsibility in the bank, or defect in the bond, deposits his official funds in a duly designated county depository, which has given a bond, legally approved and accepted by the county commissioners, and which bond, by its terms is in force during the period of such deposit, is not liable for loss of funds, within the amount of said bond, occasioned by the failure of the depository"

—which is a modification of the rule of absolute liability, and reduces the liability of a treasurer so that it is similar to that of a bailee for hire under the conditions therein stated.

This doctrine is further sustained in the case of Hinton v. State ex rel. Neal, 57 Okla. 777, 156 P. 161, in which case this court says:

"It is well settled by authority and on principle that, when such depositories have been designated according to law, neither the county treasurer nor his bondsmen are liable for the loss of funds deposited therein, so long as the treasurer keeps within the requirements of the law."

In Board of Com'rs of Grant County v. Soucek, 128 Okla. 151, 261 P. 947, this court holds:

"Under section 5727, C. O. S. 1921, directing the board of county commissioners to designate the depository for the deposit of the county's funds coming into the hands of the county treasury and requiring such depository to furnish bond or other security, the position of the county treasurer is similar to that of a bailee for hire, and he is only required to exercise good faith and reasonable skill and diligence in the care and protection of the county's funds intrusted to him. * * *

"Where a county treasurer deposits in a bank the county's funds in an amount greater than the amount of the bond required by the board of county commissioners, as provided by section 5727, C. O. S. 1921, he does

so at his own peril and as to such excess amount he becomes an insurer to the county and will not be relieved from the obligation to answer to the county if such funds are lost by the failure of the bank."

From the foregoing decisions, we conclude that the liability of a city treasurer for sinking funds coming into his hands is absolute, except when the manner of handling said funds is defined by law, and that the doctrine that said treasurer is an insurer has been modified by the various acts of the Legislature, so that when the treasurer complies strictly with the legislative acts his responsibility as an insurer is reduced so that it is similar to that of a bailee for hire.

3. In order for a city treasurer and her bondsmen to obtain the benefits of the various depository acts of the Legislature, is a strict compliance with the provisions of the depository acts necessary?

Section 1 of chapter 62 of the Session Laws of 1925 (5922, O. S. 1931), provides:

"That section 8577, of the Compiled Oklahoma Statutes, 1921, be and the same is hereby amended to read as follows:

" '* * * Treasurers of cities, * * * shall each day hereafter make a deposit of all uninvested sinking fund money in their hands in banks designated by the board of county commissioners as county depositories and furnishing the security now required by law, at not less than three (3%) per cent. interest per annum, on daily realized balances.'".

Chapter 88 of the Session Laws of 1925 (7429, O. S. 1931), in part, provides:

"Before directing or authorizing the deposit of any such funds aforesaid, the board of county commissioners shall take from each such bank a surety bond of some surety company authorized by the proper authorities of the state of Oklahoma to do business in said state, in a sum equal to the largest approximate amount that may be deposited in each, respectively, at any one (1) time; said surety bond to be uniform and prescribed by the Attorney General of the state. Provided, that in lieu of said surety bond, or in addition thereto, security may be taken consisting of United States Bonds, state bonds or warrants, county bonds or warrants, or other bonds or warrants issued by any municipality under authority of and in compliance with the statutes of Oklahoma; provided, that all said warrants shall have been issued pursuant to a legal appropriation. All surety bonds taken under the provisions of this act shall bear the approval of the county attorney and the board of county commissioners, and all securities accepted in

lieu of surety bonds shall bear the approval of the county judge and the county attorney. * * * The condition of said bond shall be that such deposit shall be promptly paid on a check or draft of the treasurer of such county. * * *"

And section 2 of said act provides:

"Any county treasurer violating any of the provisions of this act shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term not less than one (1) year nor more than four (4) years."

Under the facts shown in this case, the Attorney General, on October 30, 1929, specifically called to the attention of Mrs. Al Berger, the treasurer, the above provisions of said statute which was then in force.

Counsel for defendants cite Jackson et al. v. State ex rel. Hackett, Co. Atty., 136 Okla. 103, 276 P. 715, which holds:

"Under the County Depository Act of this state, a county treasurer is not an insurer of county funds, and where one is duly elected, qualifies and assumes the office and duties of county treasurer, he is not by reason thereof liable for the wrongful acts of his predecessor, but he and his official bondsmen are liable only by reason of some act or omission of the treasurer which is a direct cause of the loss complained of."

However, said case is not in point here because, under the undisputed facts in this case, no attempt was made by Mrs. Al Berger, the treasurer, to comply with any of the statutory provisions of the Depository Act. The facts in the case at bar clearly show a failure on the part of the city treasurer to comply with these legislative acts, even after the same had been specifically called to her attention. It is true that a personal bond was taken by the city council signed by various officers and directors of said bank in the amount of $50,000, and that suit has been brought on said bond and judgment obtained thereon. However, as no statutory authority for such bond and for such acts by the city council is shown, this would not be a defense to the action of the city against the Okla. 246, 260 P. 470, this court holds:

In Ferrell v. Town of Mountain View, 127 Okla. 246, 260 P. 470, this court holds:

"Where funds of a town which the treasurer has invested in certificates of deposit are lost by reason of the failure of the bank issuing same, the treasurer is liable to the town therefor, although said funds were so invested under direction of the town board of trustees."

The court in part says:

"We must conclude that the board of trustees had no authority to make a binding order on the treasurer to invest said funds in such certificates of deposit. It was, therefore, optional with him to keep or invest them, as he saw fit; but, by investing them in said manner, he took upon himself the risk of their safety as effectually as if no such order had been made. The board of trustees could not, by such an unauthorized order or resolution, bind the town and release the treasurer from liability."

Nor in this case could the city council, by taking an unauthorized bond and approving the same, bind the city and release the treasurer from liability.

In the case of Sanders et al. v. Board of Com'rs of Delaware County, 160 Okla. 52, 15 P. (2d) 818, this court holds:

"In the absence of any statute limiting the liability of a county treasurer with respect to bonds or other securities coming into his hands as such county treasurer and belonging to the county by reason of investment therein of money belonging to the county sinking fund, the duty imposed by law and assumed by him and his sureties will be deemed to be absolute, and a plea that such bonds are lost by him or stolen from him without any negligence or carelessness on his part is no valid defense."

The court in that case say, in part:

"The condition of the official bond sued upon was 'that if the said William Sanders shall well and faithfully perform all of the duties of his said office, this obligation to be void; otherwise to remain in full force and effect.' As applied to securities so coming into the hands of the county treasurer, our attention is called to no statute, and we have found none, limiting the obligation of the county treasurer with respect thereto. The obligation imposed by law and assumed by him and his sureties will still be deemed to be absolute and the plea that the bonds in question had been lost or stolen without any negligence or carelessness on the part of the county treasurer is no valid defense. There was therefore no error in refusing to submit the case to the jury on the question of negligence."

In the instant case the trial court directed a verdict for the plaintiff, and our attention has been called to no statute, and we have found none, providing for the taking of personal bond, and we hold that the taking of said personal bond is not a compliance with the Depository Acts. If this city treasurer had desired to release herself from the position of an insurer to that of a bailee for

hire, it became and was her duty to comply with the above-quoted provisions of the statute and the Depository Acts of the Legislature. This she failed to do, even after the specific statutes were called to her attention, and under the authorities above quoted we hold that in order for a city treasurer and her bondsmen to obtain the benefits of the various Depository Acts of the Legislature, a strict compliance with the provisions of said Depository Acts is necessary, and there was no error in the action of the trial court in directing a verdict in favor of plaintiff and against the treasurer and her bondsmen.

The defendants were permitted in the trial court to file an amended answer, asking that they be subrogated to all of the rights of the city of Vinita under the depository bond in the sum of $50,000, and the trial court rendered its judgment, providing:

"And it is further ordered, adjudged and decreed as between the parties to this cause, that in the event the defendants or either of them satisfy the judgment rendered herein against them, they shall be subrogated to all of the rights of the city of Vinita under the depository bond in the sum of $50,000, purporting to have been executed by the Farmers State Bank of Vinita, Okla., as principal, and by Page Crahan, W. H. Vogel, P. H. Crahan, and F. C. Vogel, as sureties, and covering the same funds involved herein, and that said defendants, upon thus satisfying said judgment, shall likewise be entitled to receive from the city of Vinita an assignment of all of the city of Vinita's rights to receive further dividends from the liquidation of the Farmers State Bank of Vinita, Okla., and of all of the city's rights under said depository bond and any and all judgments rendered thereon."

This action of the trial court was proper, and is hereby approved.

A copy of the supersedeas bond in this case is set out in the record, which supersedeas bond is signed by the United States Fidelity & Guaranty Company, as principal, and Maryland Casualty Company, a corporation, as surety, and attorney for plaintiff in his brief requests the court to render judgment on said supersedeas bond in this court in the event said cause is affirmed.

Finding no error in the proceedings of the court, the judgment of the trial court is affirmed, and judgment is entered in this court in favor of the defendant in error, the city of Vinita, Okla., a municipal corporation, against Maryland Casualty Company.

a corporation, surety on the supersedeas bond herein, for the amount of $12,144.42, with interest at 6 per cent., from the 1st day of October, 1930, and for costs.

The Supreme Court acknowledges the aid of Attorneys P. W. Cress, Peyton Brown, and L. A. Maris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cress and approved by Mr. Brown and Mr. Maris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

---

Supplemental Opinion on Rehearing.

OSBORN, J. On rehearing it is urged that the opinion heretofore rendered in this court should be modified by striking therefrom a portion thereof which is hereafter quoted as follows:

"The defendants were permitted in the trial court to file an amended answer, asking that they be subrogated to all of the rights of the city of Vinita under the depository bond in the sum of $50,000, and the trial court rendered its judgment, providing:

" 'And it is further ordered, adjudged, and decreed as between the parties to this cause that in the event the defendants or either of them satisfy the judgment rendered herein against them, they shall be subrogated to all of the rights of the city of Vinita under the depository bond in the sum of $50,000, purporting to have been executed by the Farmer State Bank of Vinita, Okla., as principal, and by P. H. Crahan and F. C. Vogel, as sureties, and covering the same funds involved herein, and that said defendants, upon thus satisfying said judgment, shall likewise be entitled to receive from the city of Vinita an assignment of all of the city of Vinita's rights to receive further dividends from the liquidation of the Farmers State Bank of Vinita, Okla., and of all of the city's rights under said depository bond and any and all judgments rendered thereon.'

"This action of the trial court was proper and is hereby approved."

An examination of the authorities discloses that the point is well taken. It is one of the fundamental doctrines of the right of subrogation that, before a person is entitled to claim that right, he must first have paid a debt to a third party before he can be substituted to that party's rights.

Johnson v. Gillette, 66 Okla. 308, 168 P. 1031. In the case of Maryland Trust Co. v. Poffenberger (Md.) 144 Atl. 249, 62 A. L. R. 546, the rule is well stated as follows:

"It will be found by an examination of the authorities that it has been generally held, to entitle the surety to subrogation of the creditor's rights, there must be a payment of the debt by the surety. Until there is a payment of the debt, the surety is not entitled to be substituted to the rights of the creditor.

" 'It is not a liability to pay, but an actual payment to the creditor, which raises the equitable right to subrogation,' 25 R. C. L. 1315."

See, also, Heller v. Shapiro, 208 Wis. 310, 242 N. W. 174, 87 A. L. R. 1201; Maryland Casualty Co. v. Grays Harbor County, 159 Wash. 356, 293 P. 441; Schlitz v. Thomas, 61 Cal. App. 635, 216 P. 51.

It does not appear that when defendants filed an amended answer in the trial court, in which they claimed the right to be subrogated to the rights of the city of Vinita under the depository bond, the sureties on said bond were made parties. As a general rule, a court of equity will not make an order of subrogation without having before it all the parties whose rights may be affected by the order, as it would be inequitable and unjust to dispose of their rights without an opportunity to be heard. Cooper v. Sagert (Ore.) 223 P. 943; Michigan City v. Marwick (Ind. App.) 116 N. E. 434.

We do not deem it proper to pass upon the question of subrogation in this cause at this time, since it is not shown that defendants have paid the obligation arising by the affirmance of the judgment of the trial court, and since we are without jurisdiction of the necessary parties. By the great weight of authority, it is held that a surety by payment does not become subrogated to the rights of the creditor, but only acquires a right to such subrogation which must be established by a judicial proceeding. Annotation and authorities, 62 A. L. R. 551.

We therefore conclude that the rights of defendants herein to be subrogated to the rights of the city of Vinita on the depository bond must be determined by the trial court in a proper proceeding in which the necessary parties are before the court.

The opinion is therefore modified by striking therefrom all of that portion which is here'nabove quoted.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. WELCH, J., dissents. ANDREWS, J., absent.