## SARKEYS v. MARLOW.

No. 34146.   July 3, 1951.

*235 P. 2d 676.*

W. F. Shulte, Ada, for plaintiff in error.

Saunders & Van Wagner, Shawnee, for defendant in error.

GIBSON, J.  The parties appear here in the same order as in the trial court and will be referred to in that order.

In this action plaintiff sued defendant for six years' rent on certain real estate in Pottawatomie county, alleging $150 per year to be a fair rental value. The evidence was in the form of stipulations by the parties and oral testimony. Most of the oral testimony concerned the reasonable rental value of the land for the years in question.

It appears that plaintiff was the owner of the property in question since about 1926.  He failed to pay taxes on the property for a number of years. It is stipulated that one Elza Evans acquired a tax title, and on January 13, 1940, he filed suit to quiet title. Evans was given judgment in the lower court but on appeal to this court the judgment was reversed and the tax deed was held void. Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229.  Marlow was never made a party to that action.

It is stipulated that on February 5, 1940, Evans executed a quitclaim deed conveying to O. E. Marlow, defendant in the present case, who took posses-

sion and remained in possession until about the end of the year 1946, when he surrendered possession to the plaintiff.

On February 27, 1947, plaintiff filed this action seeking recovery of rent for the years that defendant had possession.

Defendant answered, alleging that he held possession for the years in question, in good faith; that he had made valuable and permanent improvements on the land for which he sought recovery, and that he had paid taxes on the premises for the years 1940 to 1944, both inclusive, in the sum of $209, which he asserted as a set-off to any sum that plaintiff might recover. The case was tried to a jury.

In his brief plaintiff argues that defendant took his title lis pendens and was therefore not an innocent purchaser. This is true as a general rule, and it would not appear from this record that defendant took issue therewith. We do not think that question is material, for the trial court did not allow defendant to offset the cost of any improvements and plaintiff admits that taxes may be offset if paid by defendant.

When defendant asserted his claim for taxes paid by him and through his agent Evans on plaintiff's land, the plaintiff then attempted in the course of the trial to plead and prove that in the above mentioned suit by Evans against this plaintiff, the plaintiff had recovered judgment against Evans for costs in the sum of $219.62, and plaintiff sought to assert this item as a set-off to defendant's claim for taxes paid. The trial court sustained objections to such offer of proof, and his ruling constitutes the basis of plaintiff's chief complaint.

The trial court submitted the case to the jury on the issue of reasonable rent, instructing the jury that plaintiff was the owner and entitled to rent, and on the further issue as to whether or not defendant paid taxes on plaintiff's property for the years in question.

The verdict of the jury is novel in form:

"We, the jury empaneled and sworn in the above entitled case, do, upon our oath, find for the plaintiff in the sum of $*Nothing*."

If a verdict is sustained by evidence the fact that its form may be out of the ordinary will not cause a reversal. Marlow v. Charbonnet, 190 Okla. 654, 126 P. 2d 525.

It would appear that the jury considered the fair rental value of the property to be in the sum of $35 per year, which was the minimum estimate of some of the witnesses. Also, it is apparent that the jury believed that Elza Evans paid the taxes on the property as the agent of defendant and that defendant reimbursed Evans for such payments in the sum of $175.64, and that defendant himself paid the taxes for the year 1944 in the sum of $33.57. This last payment is conceded by plaintiff to be a valid set-off.

Six years' rent at the minimum and the taxes paid lacked a few cents of offsetting, one against the other, and the verdict was for the plaintiff "in the sum of *Nothing*."

If this was the reasoning of the jury, the verdict was reasonably supported by evidence.

There is testimony to support a finding that $35 per annum was a fair rental value.

There was no testimony to contradict that of the plaintiff that he was out of the state part of the time and was in the United States Army in 1941 and that Elza Evans, from whom he had taken the deed, acted as his agent in payment of taxes for the years in question, and that he reimbursed Evans as evidenced by his signed receipt from Evans.

"If there is any testimony reasonably tending to support the verdict of the

jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal." H. F. Wilcox Oil & Gas Co. v. Jamison, Adm'r, 199 Okla. 691, 190 P. 2d 807; Eden v. Vloedman, 202 Okla. 462, 214 P. 2d 930.

Plaintiff cites decisions by this court to the effect that an assignee of a chose in action takes it subject to existing claims and equities and acquires no greater interest therein than the assignor had at the time of his assignment. Keys v. Ponder, 118 Okla. 234, 226 P. 73; Jack v. National Bank of Wichita, 17 Okla. 430, 89 P. 219; Cooke v. Sinopoulo, 194 Okla. 352, 151 P. 2d 791; Standard Surety & Cas. Co., etc., v. Kelley, 197 Okla. 292, 170 P. 2d 251.

These cases announce a correct rule of law. But in the case at bar plaintiff admits that defendant is entitled to credit and set-off against plaintiff's demands for taxes paid by defendant personally for the year 1944 in the sum of $33.57. Taxes for other years paid by defendant through his agent occupy no different status.

Under the record defendant paid taxes on plaintiff's land for all the years in question. These payments were the very items used by the jury to offset plaintiff's claim for rent when it returned a verdict that plaintiff take nothing.

For his last proposition plaintiff asserts that the trial court erred in not permitting him to prove as against the defendant a set-off for the costs awarded to plaintiff in the separate action between plaintiff and Evans to which action Marlow was not a party, as hereinbefore stated.

After the appeal of that case to the Supreme Court a final judgment was rendered in favor of Sarkeys and against Evans for costs in the sum of $219.62, which he offered to prove in the present action as a set-off to the taxes paid by Marlow, defendant.

We think that the action of the trial court in rejecting this offer of proof was proper. There was no privity, no contract, no mutuality between the parties to this action concerning such costs. Marlow, by taking a quitclaim deed from Evans, lis pendens, took his title subject to all of plaintiff's defenses against the claim of title asserted by Evans, in the Sarkeys suit, but under no rule of law can it be said that Marlow assumed and agreed to pay the costs of the then pending case between Sarkeys and Evans, if Evans should lose. The judgment rendered was a personal judgment against Evans.

"There must be privity of parties in order to enable a defendant to plead and prove a set-off, and the defendant cannot plead and prove a set-off in favor of himself and against one who is not a party to the suit." Van Arsdale v. Edwards, 24 Okla. 41, 101 P. 1123; Hurford v. Norvall, 39 Okla. 496, 135 P. 1060.

In the opinion in the Van Arsdale case this court said that a demand to be a set-off must be mutual and must exist between the parties to the action, and that it must be such a claim as would support a separate cause of action in favor of one party and against the other. The same rule was announced in Wattenbarger v. City of Vinita, 170 Okla. 222, 40 P. 2d 6, and Johnson v. Acme Harvesting Mach. Co., 24 Okla. 468, 103 P. 638.

The trial court committed no error in rejecting plaintiff's offer of proof.

The judgment is affirmed.

LUTTRELL, V. C. J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.